Trumbull, J. This was an action originally commenced before a justice of the peace, on a promissory note for ninety - seven dollars and seventeen cents. The only question in the case arises out of an endorsement on the back of the note which is as follows: “August the 4th, 1848. Received on the within, 50” There is no dot or mark of any kind either before or after the “50” to determine whether it means fifty dollars, fifty cents, or fifty something else. There were some other credits upon the note, but not in any manner connected with the one in question, so as to afford the least clue to its meaning. The only evidence in the case was the note with its endorsements, and the Circuit Court held the endorsement in question to mean a credit of fifty dollars, which still left a balance due the plaintiff, after deducting the other credits about which there was no controversy. Nothing can be more uncertain than a credit of “50” on the back of a note. It may mean fifty pounds, fifty bushels, or fifty anything else, though it was most probably intended for fifty dollars or fifty cents, but which, if either, we cannot tell, and because it is wholly uncertain, the credit, unless explained, must be rejected as a nullity. “ If an agreement be so vague and indefinite, that it is not possible to collect the full intention of the parties, it is void; for neither the court nor jury can make an agreement for the parties.” Chitty on Contracts, 73; Wainwright v. Straw, 15 Vt., 219. An endorsement of a credit upon the back of a note, is no part of the note itself. The plaintiff’s cause of action, was made out by the production of the note, and though the defendant was entitled to the benefit of the credits endorsed upon it, if intelligible, yet it was no part of the plaintiff’s case to explain them for the benefit of the defendant. The endorsement of the credit upon the note being in the nature of a receipt for money, is subject to explanation by parol, and if the defendant can explain what it means, he will be entitled to the benefit of it, otherwise, it must be rejected as a nullity. Judgment reversed and cause remanded. Judgment reversed,.