HARVEY B. HURD, Appellant, v. ANDREW J. BROWN, Appellee.

APPEAL FROM THE SUPERIOR COURT OF CHICAGO.

In an action against one of several copartners, upon a note signed in the name of the firm, members of the firm are not competent witnesses.

THE declaration in this cause avers, that the appellant made his two certain promissory notes in writing, etc., by the name and style of Dunlap, Wright & Co. One of these was a judgment note, the power of attorney to which was signed by Robert L. Dunlap and Josiah E. Colburn.

The pleas are, general issue, and denial of the execution as partner, or otherwise.

Trial before VAN H. HIGGINS, Judge, and jury.

Plaintiff's testimony showed, that Robert L. Dunlap, Josiah E. Colburn, A. P. Wright, and H. B. Hurd, were the partners. Wright went out in April, 1856. Firm name then changed to Dunlap, Colburn & Co.

*Robert L. Dunlap* was called by the plaintiff. It was admitted he was the same person who executed the note sued upon, and the power of attorney attached. Defendant objected to Dunlap being sworn as a witness, because he was interested in the event of the suit. The objection was overruled, and he was permitted to testify.

The following was offered by Dunlap, in the course of his examination:

"For value received, I agree to remain liable to Andrew J. Brown upon the notes sued on in this case, notwithstanding any verdict or judgment that may be rendered in this cause upon the notes sued on therein, and waive any rights that I may be entitled to by virtue thereof, as a bar to a recovery, if sued upon said notes. Witness my hand and seal, this 21st day of November, 1860.

ROBERT L. DUNLAP. [SEAL.]"

| DR. | | | | | CR. |
|---|---|---|---|---|---|
| April 29, 1857. To C'y, | $2,141.41 | April 23, '56. | Check, | | $204.29 |
| | | June 6, '56. | " | | 600.94 |
| | | April 30, '57. | " | | 339.17 |
| | $4,889.29 | | | | $4,889.29 |

Colburn, another of the partners, was also examined, against the objection of Hurd, the defendant below.

A motion was made to exclude the testimony of Dunlap and Colburn from the jury, which motion was overruled.

The jury returned a verdict for plaintiff, for $2,296.69; and defendant moved for a new trial, which was refused.

There was a judgment for the plaintiff below on the verdict. The following errors were assigned:

1. The court erred in allowing Dunlap to be sworn in the case, he appearing to be interested in the event of the suit.

2. The same error as to Colburn.

3. In allowing Dunlap and Colburn to testify.

4. In refusing to exclude testimony of Dunlap and Colburn.

H. B. HURD, *pro se.*

A. J. BROWN, *pro se.*

WALKER, J. The only question in this case which we propose to consider, is whether Dunlap and Colburn were competent witnesses. The notes sued upon were signed Dunlap, Wright & Co., and the evidence shows that the firm had been composed originally of Dunlap, Wright, Colburn & Hurd, but in April, 1856, Wright withdrew, and the other members after that time continued business under the name of Dunlap, Colburn & Co. The notes purport to have been given on the 28th day of April, 1857, and were payable ninety days after date. Dunlap and Colburn executed a warrant of attorney at the same time to confess judgments on the notes. The suit was instituted alone against appellant. He filed the general issue, and a plea denying the execution of the notes, which was verified by affidavit. On the trial, appellee called Dunlap and Colburn as witnesses to prove the execution of the notes, and their testimony was received against the objection of appellant. There was no other evidence than theirs to prove authority from Hurd to execute the notes, and there is no evidence that he signed the notes, or that he subsequently ratified their execution.

As the firm purporting to have signed these notes, had been composed of these witnesses, appellant and Wright, they were all *prima facie* liable for the payment of the money, and had the suit been against them all, to exonerate themselves, they would have been compelled to deny, under oath, the joint execution of the notes, or the partnership. They were the persons who had once answered to and composed the firm, and were liable, if at all, jointly, to the extent which they participated in the execution of these notes. The evidence fails to disclose any participation of Wright in the transaction, and yet if, with the others, he had been sued on these notes, he could not have escaped liability, unless he had denied the execution of the notes, or the existence of the partnership in the mode prescribed by

Hurd *v.* Brown.

the statute, as each defendant against whom the judgment should be recovered would be compelled to contribute equally to its payment, or make contribution to the others.

Again, no rule is better recognized or of more general application, than that the parties to a contract are no more competent as witnesses, than are parties to the record. Whilst there may be some exceptions in favor of those who become parties to negotiable instruments, subsequently to their execution, as indorsers only remotely liable, those primarily liable are always held incompetent to testify. To permit it would be to violate one of the plainest elementary principles of the law, and to abandon all distinctions in the rules of evidence. Nor can it be referred to the exceptions arising from necessity, unless every case in which the party has no witness to prove a fact, might be so considered.

In this case the evidence establishes the liability of Dunlap and Colburn beyond all doubt. They are parties to the notes, whether appellant is or not, as their signatures, their power of attorney to confess judgment, and their having been members of the firm, most clearly establish.

Had the individual signatures of these witnesses been put to these notes, it appears to us that no person could for a moment suppose that they were competent to give evidence in the case. They surely could not be heard to prove that they had not executed the notes, if the suit had been against them, and the other two members of the firm, and for the obvious reason that they would thereby escape liability and impose it upon others. Had the individual names of all of the members of the former firm been signed to these notes, and this plea had been interposed by Wright and appellant, these witnesses then being parties could not have testified, because by holding the parties interposing such a defense liable, they would themselves escape liability to the same extent which they could impose it upon the others. And when we remember that these witnesses were as much parties to these notes as if their individual signatures had been signed, and as appellant could be in any event, it is apparent, that if they could wrongfully hold him liable, they would thereby escape one-third of the liability. Their primary liability, and interest in the event of the suit, manifestly rendered them incompetent as witnesses, and the court below erred in admitting their evidence, and the judgment must be reversed, and the cause remanded.

*Judgment reversed.*