Bell et al. *v.* Thompson.

---

JAMES C. BELL and CHARLES H. BELL impl'd with
BENJ. F. THOMPSON

*v.*

JAMES S. THOMPSON.

1. WITNESSES — *parties to the record.* A party to a suit may be examined as a witness in favor of the opposite party and against himself, or those with whom he is associated of record, if he does not personally object to giving evidence, or is not disqualified on the ground of interest.

2. SAME — *co-partners.* Where a member of a firm has taken, by agreement, all the partnership debts, and assumed all the partnership liabilities, he is a com-

34 — 34TH ILL.

petent witness in a suit brought by a creditor of the firm against himself, and other persons sued as his co-partners.

3. SAME. The statements in the preliminary affidavit required by the act of February 20, 1861, before calling the opposite party as a witness, may be made upon information and belief.

WRIT OF ERROR to the Circuit Court of Mercer county, Hon. C. B. LAWRENCE, Judge, presiding.

This was an action of assumpsit brought by the defendant in error against the plaintiffs in error, as partners, upon a promissory note signed Bell and Thompson. The defendant, Thompson, made default. The defendant, James Bell, pleaded in abatement denying the partnership. The defendant, Charles H. Bell, pleaded the general issue. On the trial the plaintiff, having made a preliminary affidavit under the statute, called the defendant Thompson as a witness to prove the partnership, and against the objections of his co-defendants, he was allowed by the court, to testify. Verdict and judgment were given for the plaintiff below, and the defendants, James and Charles H. Bell, sued out a writ of error.

Messrs. LELAND & BLANCHARD and J. R. & J. N. BASSETT, for the plaintiffs in error:

Messrs. GLOVER, COOK & CAMPBELL, for the defendants in error:

Mr. JUSTICE BECKWITH delivered the opinion of the court:

At common law, parties to the record were not required to testify on the ground of expediency; to avoid temptation to commit perjury. It was considered unjust to require a person to charge himself civilly, or criminally, by his own testimony; and the hardship of such a requirement was thought to be so great as to offer an improper temptation to commit crime. From a tender regard for the rights of a party to the record, and the obligations of his conscience, the law did not require him to occupy a position in which he might be called on to sacrifice the one, in order to maintain the other. The

privilege, thus allowed, proceeded from personal considerations; and the privilege itself was a personal one. Like all other personal privileges it might be waived by the party entitled to it. It was remarked by Lord Chief Justice TINDALL in *Worrall* v. *Jones*, 7 Bing. 398, that "no case could be found in which the testimony of a witness had been rejected upon the objection, in the abstract, that he was a party to the suit," and we know of no rule of public policy, requiring the testimony of parties to the record to be excluded, where they are willing to testify and are not on the ground of interest, or otherwise, disqualified. The case of *Frazier* v. *Laughlin*, 1 Gilm. 347, was decided on the authority of *Maul* v. *Mainwaring*, 4 Eng. Com. Law, 48, which has long since been overruled and never sustained the proposition that a party to the record could not be permitted to testify from considerations of public policy. It has been supposed that there was some public policy which excluded parties from being witnesses, but no court, or elementary writer has ever informed the public wherein its interests or its welfare would be promoted by such a rule. No good reason has ever been given in its favor and its adoption would promote no beneficial result. If a party voluntarily waives a privilege which the law, from personal consideration, allows him, there are no rules of law, or considerations of public policy, which forbid it, or allow other persons to assert such privilege, where the party to whom it is allowed, insists upon renouncing it.

Where a party waives the privilege which the law allows him, ordinarily, the only question is, whether he is disqualified on the ground of interest. The rule of the common law which excluded the testimony of parties on the ground of interest, only applied where they were called upon to support their side of the issue; and it has long been settled in England and in many of the States of this country, that a party to a suit may be examined as a witness in favor of the opposite party and against himself, or those with whom he is associated of record, if he does not personally object to giving evidence, or is not disqualified on the ground of interest. *Worrall* v. *Jones*, 7.

Bing. 395; *Pipe* v. *Steel,* 2 Q. B. 733; *Haddock* v. *Heslop,* 12 id. 267; *Page* v. *Thomas,* 6 M. & W. 733; *Mervey* v. *Mathews,* 9 Barr. 112; *Bowen* v. *Burk,* 1 Harris, 146; *Paine* v. *Tilden,* 20 Verm. 554; *Miner* v. *Downer,* id. 461; *Sargent* v. *Sargent,* 18 id. 371; *Purcell* v. *Kincaid,* 1 Carter, 324; *Shallenberger* v. *Norris,* 2 id. 285; *Johnson* v. *Blackman,* 11 Conn. 342; *Woodruff* v. *Westcott,* 12 id. 134.

In the case under consideration the defendant, Thompson, had an interest to defeat the plaintiff's recovery, and thereby prevent a judgment against himself. No recovery could have been had against him, if there was no recovery against the other defendants.

It appeared from his testimony that he took the notes and accounts of the firm, and that he was to pay its liabilities. The witness, therefore, was primarily liable to pay the debt and had no right of contribution from his co-defendants. It was immaterial to him whether the burden was cast upon his co-defendants and he rendered liable to them, or whether they were exonerated and he remained liable to the plaintiff. In the former event he would be liable for the costs of the present suit; and in the latter event he would escape from their payment. Under these circumstances we are of the opinion that the witness was not disqualified on the ground of interest. In *Crook* v. *Taylor,* 12 Ill. 353, this court held that a partner who was not a defendant might be called as a witness by the plaintiff to prove the cause of action against the parties sued. Such was the settled rule in the English courts. *York* v. *Blott,* 5 M. & S. 71; *Hudson* v. *Robinson,* 4 id. 475; *Hall* v. *Curzon,* 9 B. & C. 646.

But in *Brown* v. *Hurd,* 25 Ill. 616, this court held that a partner who was a defendant, could not be called as a witness by the plaintiff to prove the cause of action against his co-defendant. A general principle was asserted in the latter case, that a witness is incompetent to transfer to others the whole or part of a burden which, *prima facie,* rests exclusively upon himself. This rule has been adopted in courts of several of the States, and if correctly applicable to the case

of *Brown* v. *Hurd*, such an application of it is at variance with the well settled rule in England, and directly overrules the case of *Crook* v. *Taylor*. After a careful review of the authorities, we are satisfied that the rule adopted in *Brown* v. *Hurd* should at least be qualified so as not to exclude the testimony of parties who are not disqualified on the ground of interest, and who do not object to testifying. Had the agreement between Thompson and his co-defendants appeared *aliunde*, we should have no hesitation in holding that he was a competent witness at common law. The act of February 20, 1861, allows a party to call the other party as a witness, but requires as a condition precedent to his so doing, that an affidavit should be filed by him or his attorney, stating that he is unable to prove a fact material to sustain his action or defense, excepting by the testimony of the parties to the suit. The examination is required to be limited to the proof of the facts set forth in the affidavit. The affidavit is not required to state the facts set forth to be true to the knowledge of the party making it. It may be made by the party's attorney as well as by the party himself, and the facts would seldom be known to the attorneys excepting from information and belief. The facts are frequently not known to the party himself excepting in that manner. The legislature never intended that parties or their attorney should be required to commit perjury to avail themselves of the provisions of the act. The issue joined in the case was, whether the defendants were partners; and the affidavit states that the plaintiff is informed and believes that they were. The objection that it does not state that they were partners at the time when they made the supposed promises and undertakings in the declaration mentioned, was one of form, and might have been removed if it had been made in the court below. It comes too late here. The affidavit contained in substance all the act requires, and the plaintiff was at liberty to examine one or more of the defendants as he thought proper. The act does not allow the party making the affidavit to testify, until he has called all the other parties; but he is not required to call all of them if he does not desire to

testify himself. Under the common counts the plaintiff had a right to recover upon the original indebtedness. The issue was properly submitted to the jury, and we are satisfied with their finding.

The judgment of the court below is affirmed.

*Judgment affirmed.*