ANDREW J. BROWN

*v.*

HARVEY B. HURD *et al.*

1. WITNESSES — *competency* — *whether one partner may testify against a copartner.*  Where a member of a firm has taken, by agreement with his co-partners, all the partnership debts, and assumed all the partnership liabilities he is a competent witness in behalf of a creditor of the firm in a suit against himself and other persons sued as his copartners, to prove, under an issue involving that question, that his co-defendants were liable with him.   This rule was laid down in *Bell* v. *Thompson*, 34 Ill. 529, it being considered that his ultimate liability for the entire debt, relieved the witness of any disqualifying interest in the result of the suit.

2. But, if the effect of his testimony is to transfer a portion of his own admitted liability to his co-defendants against whom he is called to testify, and against whom no liability is shown except by the aid of his testimony, then he would be incompetent, because he would be swearing in his own interest.

3. The interest of the witness thus situated to fix the liability of his code-fendants to contribution, is not balanced by the consideration, that, by testifying in their favor, he might defeat a recovery in the present action, under the rule that, in a suit against several, a recovery must be had against all or none ; because, his own liability being admitted, should he go clear of the present action upon the ground his co-defendants were not liable, it would be with the certainty that the entire debt would fall upon him.

4. FORMER DECISIONS. The cases of *Crook* v. *Taylor*, 12 Ill. 355, and *Hurd* v. *Brown*, 25 Ill. 616, are in conflict as regards the rule on the subject. But the rule laid down in the latter case is considered the better rule, and is in harmony with *Bell* v. *Thompson, supra.*

5. EFFECT OF THE ACT OF 1861, *allowing parties to be called as witnesses.* Nor is the rule above announced, as to competency, at all affected by the act of 1861, allowing parties to be called as witnesses. The object of that act was to remove the common law disqualifications arising from being a party to the record, and to authorize one party to call the other to testify against his own interest.

6. But it was never intended to remove the common law disqualification arising from the interest of the witness in the result of the suit, when called to testify in behalf of that interest and without the consent of the person against whom he might be called.

WRIT OF ERROR to the Superior Court of Chicago; the Hon. VAN H. HIGGINS, Judge, presiding.

This was an action of assumpsit brought in the court below, by Andrew J. Brown, against Harvey B. Hurd and others, upon a promissory note. A trial resulted in a judgment in favor of the defendants. The cause is brought to this court by the plaintiff on writ of error.

The opinion of the court contains a statement of the case.

Mr. W. T. BURGESS and Mr. ANDREW J. BROWN, for the plaintiff in error.

Messrs. HURD, BOOTH & KREAMER, for the defendants in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action of assumpsit brought by Brown, against Hurd, Dunlap and Colburn, upon a promissory note, signed "Dunlap, Wright & Co." Dunlap and Colburn were defaulted for want of a plea. Hurd, by a plea verified by affidavit, denied the execution of the note. On the trial, the plaintiff, having first filed an affidavit showing that he had no other witness by whom he could make the proof, offered to prove by

Dunlap and Colburn, two of the defendants, that Hurd had authorized them to execute the note in controversy for himself and them. This evidence was objected to by Hurd, on the ground that the witnesses were incompetent, and the objection was sustained by the court. This case was argued at the April Term, 1864, and decided, but a rehearing was afterward granted, and the case is again before us. The only question presented is upon the competency of these witnesses.

On this subject, the rulings of this court have not been wholly uniform. In *Crook* v. *Taylor*, 12 Ill. 355, it was held, that a partner, who is not joined as a defendant, may be called as a witness by the plaintiff, to prove the cause of action against the partner sued. But in *Hurd* v. *Brown*, 25 Ill. 616, which seems to have been a suit upon the same note before us in the present record, the court held that these witnesses — Dunlop and Colburn — were not competent, because by their testimony they would transfer one-third of the liability upon this note from themselves to Hurd. These two decisions are in conflict. Next comes the case of *Bell* v. *Thompson*, 34 Ill. 529, in which it is said the rule laid down in *Brown* v. *Hurd* should be so far modified as not to exclude the testimony of parties who are not disqualified by interest; and in that case it was held, that a defendant could testify against his copartners, because it appeared that the witness had taken the assets of the firm, and assumed its liabilities, and had therefore no right of contribution as against his co-defendants. This is in fact the principle laid down in *Hurd* v. *Brown*, *ubi supra*, and there is no conflict between these two cases. In *Hurd* v. *Brown*, the witness was held disqualified, because, by his testimony, he would transfer to another a part of the liability admitted to rest upon himself; and, in *Bell* v. *Thompson*, he was held qualified because his evidence would not have that effect. These two cases recognize the same rule, and it is clear and of easy application.

If the witness, by an arrangement between himself and his partners, as in *Bell* v. *Thompson*, is ultimately liable for the whole debt, he is a competent witness. It matters not to him whether he pays the debt to the creditor of the firm, or whether

the firm pays it, and he re-imburses the firm. But, if the effect of his testimony is to transfer a portion of his admitted liability to persons against whom no liability is shown, except by aid of his testimony, then he would be clearly incompetent, because he would be swearing in his own interest. This is the rule established by the current of authorities. *Brown* v. *Brown*, 4 Taunt. 752; *Ripley* v. *Thompson*, 12 Moore, 55; *Marshall* v. *Thrakill*, 12 Ohio, 275; *Marquand* v. *Webb*, 16 Johns. 89; *Purviance* v. *Dryden*, 3 S. & R. 402; *Columbian Man. Co.* v. *Dutch*, 13 Pick. 125; *Davis & Nizzel* v. *Sanford*, 18 Geo. 289; *The State* v. *Pinman*, 2 Dessaussure, 1.

The case of *Hurd* v. *Brown*, 25 Ill. 616, is, of itself, decisive of this case. These identical witnesses are held incompetent in that case, which was a suit against Hurd alone, upon grounds applicable to this case at bar. But it is urged, that, in the present cases, Dunlap and Colburn are parties defendant, and that their evidence is admissible under the act of 1861, allowing parties to be called as witnesses. To thus hold, would be to misapprehend the object of that statute. Its object clearly was to remove the common law disqualifications arising from being a party to the record, and to authorize one party to call the other to testify against his own interest. But it certainly was never intended to remove the common law disqualification arising from the interest of the witness in the result of the suit, when called to testify in behalf of that interest, and without the consent of the person against whom he might be called. There is nothing whatever in the act indicating an intention to make such a radical change in the common law. Under this statute, a party may be called without his own consent and against his own interest; but, if he would have been disqualified on the ground of interest by the common law, had he not been a party to the record, the fact that he is a party cannot be considered as restoring that competency.

It is urged that the interest of these witnesses was to testify in favor of their co-defendant, and thus defeat a recovery in the present suit, not only against him, but against themselves. The case of *Pike* v. *Steele*, 2 Adolph. & Ellis (N. S.) 733, is cited

in support of this view. In that case the defendant who was offered as a witness, had been defaulted, and Lord DENMAN, in giving his opinion, which is very meagre, says, "the defendant, after suffering judgment by default, may have little ground for expecting that he will ultimately escape the consequences of a joint liability; but his conduct, even in that respect, might admit of explanation. He might say that it occurred through an oversight." This reasoning, and his Lordship's decision, proceed upon the ground that the defaulted defendant may not be in fact liable, and that, if he can succeed in defeating the existing action he may successfully defend a future action brought against himself. Whatever force there may be in this reasoning, it has no application to the case at bar. The liability of Dunlap & Colburn does not rest solely on their failure to plead. It appears positively by their own testimony, and they had even given a power of attorney to confess a judgment against themselves upon the note. There can be no shadow of doubt as to their liability, and, as a verdict and judgment against the defendants would fix the liability of Hurd to contribution, it seems indisputable that their interest requires such a judgment to be pronounced, rather than that they should go clear of the present action with the certainty that thereby the entire debt will fall upon themselves. We do not consider this case as falling within *Pike* v. *Steele*, and moreover Lord DENMAN's decision is wholly at variance with the English and American cases above cited.

*Judgment affirmed.*