.Andrew　J.　Brown

·　Harvey　B.　Hurd *et al.*

56　317
44a　427

1.　Chancery — *new trial at law.*　To entitle a party to apply to a court of chancery for a new trial at law, it must appear that the judgment against which the relief is sought was the result of accident, mistake, or fraud.

2.　In an action at law against several partners, one of the defendants escaped liability upon his denial of having given authority to the other partners to execute the note in respect to which the suit was brought, in the name of the firm, and judgment was rendered accordingly.　Afterward the act of 1867 was passed, making parties to suits competent witnesses, whereupon the plaintiff exhibited his bill in chancery, asking a new trial in the suit at law, alleging that, since the act removing the common law disabilities of parties as witnesses, he could prove, by the other partners, that such authority was given, and thereby establish the liability of all the partners.　But the relief was denied, it being regarded like any other case where the party was unable to establish his cause of action by competent testimony.

Appeal from the Superior Court of Chicago; the Hon. John A. Jameson, Judge, presiding.

This was a bill in chancery filed by Brown against Hurd, Dunlop and Wright, for a new trial in an action at law.　The bill was dismissed in the court below on a demurrer by Hurd. The complainant appeals.

Mr. ANDREW J. BROWN and Mr. W. T. BURGESS, for the appellant.

Mr. H. B. HURD, *pro se.*

Mr. JUSTICE WALKER delivered the opinion of the Court:

It is with reluctance that we feel compelled to affirm the decree of the court below in this case. And on the record as now presented, we should feel inclined to grant the relief if admissible under the well recognized rules of law. But to entitle a party to a decree for a new trial at law, it must appear that there was accident, mistake or fraud in obtaining it. In this case there was no mistake of the parties, no accident that prevented appellant from proving his case. Nor is there any fraud on the part of Hurd, that authorizes a court of chancery to interpose its powers, to grant relief. It is charged that Hurd was liable as one of three partners for the payment of a debt to a bank, and that he authorized the other two partners to execute a note in the name of the firm to appellant for the purpose of raising the necessary means for its payment, and thus procured appellant to indorse the note, and the money was thus raised and the debt paid; that appellant was compelled to take up the note, which has never been paid him, and Hurd has escaped liability because his firm had been dissolved, and he denied giving authority to his former partners to sign the name of the firm.

When the case was previously and lastly before this court, it was *held*, that the partners of Hurd, who were jointly liable with him for the debt, were not competent witnesses to prove the authority given by Hurd to use the firm name to the note. 41 Ill. 121. It is, however, insisted, that as the general assembly has since removed the common law disability of witnesses and permits parties to the record to testify, Hurd's liability can be proved by his former partners, and for that reason a new trial should be decreed under this bill. If this relief were granted,

it would lead to great confusion, and more injury than benefit, as parties would apply for and obtain new trials, in many, if not in a majority of cases, that have been tried within the last five years and before the passage of the act of 1867, which renders parties competent witnesses; thus overturning sales made under such judgments and unsettling many titles obtained under sales upon such judgments.

This case is like any other in which the party has no evidence, or, if he has, the fact is unknown to him at the trial. Such has not, so far as we are aware, ever been held to be a ground for chancery to grant a new trial. It is the misfortune of a party, much to be regretted, but which can not be relieved against. Judgments must have more stability and binding effect than to be set aside merely because of newly discovered evidence, years after they have been rendered. However much we may regret that we must refuse to reverse this decree, we, nevertheless, feel compelled to act otherwise. The decree of the court below is affirmed.

*Decree affirmed.*