**GRAY et al. v. MOORE.**
No. 5544.

Court of Civil Appeals of Texas.   Amarillo.
May 24, 1943.

Rehearing  Denied  June  28,  1943.

Milburn E. Nutt, of Wichita Falls (G. E. Price, of Lincoln, Neb., of counsel), for appellants.

William M. Brown, of Fort Worth, Saner, Saner & Jack, of Dallas, and Jimmie Cunningham, of Lubbock, amici curiae.

Marion B. Solomon, of Dallas (Willis E. Gresham, of Austin, of counsel), for appellee.

PITTS, Chief Justice.

Appellants, Herbert S. Gray, Henry Cobb and Milton Katz, of Wichita County, Texas, filed this suit in the 126th District Court of Travis County on May 11, 1942, on behalf of themselves and as class representatives of all other subscribers and policyholders at Casualty Underwriters during the period of time from January 1, 1937, to August 11, 1938, inclusive, there being 6,508 such subscribers and policyholders in all, against Austin Moore, receiver of Casualty Underwriters and of Underwriters Agency, its attorney-in-fact, the same being in the nature of a bill of review to set aside and vacate a judgment previously rendered by the same court on April 22, 1941, in cause No. 64395 styled Austin Moore, Receiver vs. First State Bank and Trust Company et al. Appellants filed this as a class suit and alleged that all party plaintiffs stand in the same relationship to Casualty Underwriters, the attorney-in-fact and the receiver, and that they are so numerous it would be impracticable and impossible to make them all parties by name; that those not named are represented by the three appellants named above; that the named appellants are similarly situated to a representative class of all subscribers and policyholders of Casualty Underwriters for said period of time; that the relief prayed for and sought applies to all sub-scribers and policyholders, individually, and as a class; that Austin Moore was appointed as receiver of Casualty Underwriters and of its attorney-in-fact, Underwriters Agency, by the trial court in cause No. 60393, styled State of Texas vs. Casualty Underwriters and Underwriters Agency, Its Attorney-in-fact, on August 11, 1938, and in due time qualified as such and has been so acting; that Casualty Underwriters was organized in 1933 as a reciprocal insurance exchange by virtue of Chapter 20, Title 78, Revised Civil Statutes of 1925, but that its business was usually managed and conducted by and through its attorney-in-fact, Underwriters Agency, a corporation; that Austin Moore, receiver, and appellee, had obtained judgment in said cause No. 64395 for $416,686.64 against the 6,508 subscribers and policyholders of the Casualty Underwriters as class defendants in said suit; that said judgment so obtained is void or, at least, voidable and should be set aside for the reason that the named defendants in said cause No. 64395 were not a truly representative number and were not properly and truly class representatives of all the subscribers and policyholders and did not fairly, truly and adequately represent them; that they were not similarly situated as other subscribers; that said receiver purposely omitted these named appellants and others similarly situated for the purpose of stifling any real defense to said suit and that he did stifle, forestall and circumvent any real defense to said suit; that the said receiver did not act fairly and in good faith in the selection of subscribers to represent the class as defendants; "that said receiver's conduct was such as to lull these plaintiffs into a false sense of security, and they were induced to relax that watchfulness in regard to their interest, which otherwise they would have exerted", hence, they were "not lax or negligent in failing to intervene and present their defenses upon the trial of said cause, nor were they negligent in failing to discover the pendency of said suit, nor the fact of the rendition of said judgment in time to present their motion for a new trial of said cause. That said judgment has now become final, thirty days having elapsed since rendition and entry thereof on April 22, 1941, no appeal having been taken therefrom"; that appellants had and do have good and sufficient defenses and would have presented same if they could have had an oportunity to do so in said cause No. 64395; that there was no

contingent liability imposed upon them during said period of time or any part thereof and that they were not liable for any sum; that the time has elapsed for appellants to avail themselves of any other remedy and they prayed for judgment accordingly.

Appellee answered with numerous exceptions challenging the sufficiency of appellants' pleadings, a general denial and a denial that appellants have the right to bring the suit as representatives of the class described; that appellants were parties, many of them having intervened, in cause No. 60393 wherein the Casualty Underwriters were declared insolvent or in serious danger of insolvency and Austin Moore was appointed receiver and that they were therefore charged with knowledge of the proceedings in cause No. 60393 as well as cause No. 64395; that actual notice was given immediately by the receiver to all subscribers and policyholders advising them of his appointment and of the cancellation of their policies and termination of their insurance and furnishing them blanks for filing any claims they may have; that on December 20, 1940, the trial court in said cause No. 60393 directed the receiver to institute cause No. 64395 to remove the existing deficit and that all appellants had actual as well as constructive knowledge of all proceedings, including the suit in cause No. 64395; that by the exercise of ordinary care they should have known of said order and proceedings and that they were charged with the duty of apprizing themselves of such proceedings had in cause No. 60393 and cause No. 64395; that 2,356 claims had already been allowed against the receivership and over 2,000 of the policyholders of Casualty Underwriters had already accepted the benefits of the orders and judgments of the court in causes Nos. 60393 and 64395; that thousands of the subscribers whom appellants claimed to represent have already satisfied the judgment against them, their moneys have been disbursed and they have been released from the terms of the judgment; that equities have intervened and the condition of parties have changed so that it would be impossible to restore the parties to their former status. Appellee pleads the judgment rendered in cause No. 64395 and prays that appellants take nothing as against the receiver. The appellee also pleads a cross-action but same was severed from appellants' cause of action by order of the trial court, passed for further consideration and is not considered on this appeal.

Appellants filed a supplemental petition excepting to appellee's answer and denying his allegations; that they had no actual notice or knowledge of cause No. 64395 until six months after the rendering of the judgment therein and until it was too late to appeal; that they were not guilty of negligence and endeavored, by the filing of a trial amendment, to meet and cure some of the exceptions levelled at their original petition by appellee, to all of which appellee levelled numerous additional exceptions and a general denial.

On June 20, 1942, the case was called for trial and appellee's counsel asked that his exceptions be passed upon by the trial court and appellants' counsel requested that the court hear the testimony and pass upon the exceptions and the issues on the merits at one time, assuring the trial court that he would stand upon his pleadings as they were and would not ask leave to amend his pleadings if appellee's exceptions were sustained. The case then proceeded to trial before the court without a jury.

The record discloses that the trial court appointed Austin Moore receiver of Casualty Underwriters and Underwriters Agency on August 11, 1938, in cause No. 60393; that Willis E. Gresham of Travis County was appointed by the court in said cause on said date as attorney for receiver and that H. J. Yarborough of Dallas County was appointed by the court in said cause on said date as Master in Chancery to hear any claims filed; that said receiver qualified immediately and sent notices to all policyholders of Casualty Underwriters on August 17, 1938, advising them of his appointment and that the Board of Insurance Commissioners had cancelled the license of Casualty Underwriters and Underwriters Agency; that said concerns were no longer doing business and that their insurance previously issued was cancelled; that on August 25, 1938, the receiver sent notices to all creditors and claimants having claims against Casualty Underwriters and Underwriters Agency, advising them of his appointment and the appointment of a master in chancery; that on December 20, 1940, the trial court in cause No. 60393 directed the said receiver to institute suit against the subscribers and policyholders of Casualty Underwriters to establish and enforce their liabilities in payment of claims previously established and allowed

by said court against them in the total sum of $291,686.64, with all cost and expenses incurred in connection with such suit to be added to said liabilities; that in compliance with the trial court's instructions the said receiver soon thereafter filed cause No. 64395 against 32 named subscribers and policyholders at Casualty Underwriters and all other subscribers and policyholders of said Casualty Underwriters during the period of insolvency as defendants and the trial court heard said case and rendered judgment in same on April 22, 1941; that the trial court's judgment in said cause found 23 of the named defendants appeared by answer and by attorneys for themselves and as true representatives of all other subscribers and policyholders at Casualty Underwriters for a period of time from January 1, 1937, to August 11, 1938, inclusive, not therein named; that 9 of the named defendants defaulted and did not appear though duly cited; that all of the named defendants were subscribers and policyholders at Casualty Underwriters for a period from January 1, 1937, to August 11, 1938, inclusive; that said defendants and all other subscribers at Casualty Underwriters during said period had executed and become bound by a written power of attorney by the terms of which the Underwriters Agency was appointed as its or their attorney-in-fact and said Underwriters Agency was authorized to act for each of them, the said subscribers, and to appear in all legal actions or suits for such subscribers and to do any and all things which the attorney-in-fact deemed necessary or advisable for said subscribers and said agency did so act for each of them; that said Casualty Underwriters as a reciprocal insurance association exchanged among its subscribers policies of insurance insuring reciprocally the said subscribers from loss against hazards; that there were 6,508 subscribers (persons, firms, individuals or corporations) at Casualty Underwriters during said period of insolvency; that some of them resided in other states; that each subscriber was both an insurer as well as an assured under the system of insurance conducted at said exchange; that there were so many subscribers it would not only be impracticable, but impossible, to make all of them party defendants in name to the suit but each named defendant stands in the same relation to the Casualty Underwriters, to the attorney-in-fact and to each other as do all of those who are not named and made parties to this suit except by representation and that all subscribers not named stand in the same relation as do those who are named; that all subscribers are represented by defendants appearing in the case and are all bound by this judgment; that Underwriters Agency is no longer an acting or going concern but that the plaintiff herein as receiver appointed by the court on August 11, 1938, in cause No. 60393 has succeeded said agency; that in said cause No. 60393 the liabilities and claims were fixed by legal process against the assets in the hands of the receiver of Casualty Underwriters, which claims and liabilities are fixed as a result of the policy contracts issued by the subscribers of Casualty Underwriters through their attorney-in-fact, Underwriters Agency, and that such liabilities so fixed by the court are the sum and total of $291,686.64; that said liabilities have been duly established as required by law; that Casualty Underwriters was insolvent during the period from January 1, 1937, to August 11, 1938; that the said receiver does not have assets enough to satisfy claims and liabilities against said Casualty Underwriters during the period of insolvency to make up the deficit as found by the court in said cause No. 60393; that all policyholders and subscribers have accepted, ratified and are bound by the terms of an agreement they each made holding them liable for any deficit; that it will take some three years to collect the assessments, pay off the claims and liquidate the affairs of Casualty Underwriters; that such will incur an expense which must be paid, for all of which the subscribers are liable, each for his or its proportionate part as fixed by the court; that there are 2,356 claimants, each having established his claim before a master in chancery heretofore appointed by the court, who conducted hearings as the law provides and made his report to the court, which report has been heretofore approved by the court; that the present assets in the hands of the receiver belonging to Casualty Underwriters are $25,000; that the cost of administering and liquidating the assets of Casualty Underwriters will be $150,000 and that the claims, plus the cost, less the present assets will leave the sum of $416,686.64 to be raised by assessments made against the subscribers. Judgment was rendered by the court in cause No. 64395 according to his said findings fixing proportionate assessments against all sub-

scribers of Casualty Underwriters for the period of time in question, each payable in Dallas, Texas, in accordance with their respective contracts. so to do, and ordering that any excess funds over and above that needed to pay claims or expenses of administering and liquidating affairs of Casualty Underwriters be refunded to the subscribers, said judgment being quite lengthy covering eleven pages of legal paper, single spaced.

The record discloses that Herbert S. Gray was the only named appellant to testify and he testified, in effect, that he, Henry Cobb and Milton Katz belong to the same class of Casualty Underwriters who had policies in effect during the period from January 1, 1937, to August 11, 1938; that there is a common question of law and of fact affecting the rights of all subscribers for which they are seeking common relief for all subscribers of Casualty Underwriters with which association they all had policies during the said period from January 1, 1937, to August 11, 1938; that the first notice he received, within his knowledge, of the suit being filed and the judgment being rendered in cause No. 64395 was "some time in the early part of 1942," which was more than six months after the judgment was rendered in April, 1941; that he had no actual knowledge or notice of the pendency of said suit until early in 1942.

On cross-examination appellant Gray testified, in effect, that he is an auditor and oil man; that he had no authority from the other subscribers other than appellants Cobb and Katz to bring this suit; that on May 21, 1942, he sent notices to about 1,000 policyholders soliciting funds with which to bring this suit; that about 25 of them contributed for the purpose of filing this suit; that his own assessment was $47.06; that he did not receive an assessment notice; that his signature appears on a photostatic copy of his payroll audit dated October 11, 1938 (which photostatic copy of the audit is an exhibit in the record), showing he was a policyholder in Casualty Underwriters on August 9, 1938; that he knew his said insurance had been cancelled but did not know why; that he never inquired why his policy had been cancelled; that he made no effort to learn whether or not the company "had gone broke;" that he never heard of the insolvency of the company until early in 1942.

The record discloses that it was agreed between the parties that the office of the receiver was closed throughout late spring and early summer of 1941 and that on October 22, 1941, notices of assessments were sent to the 6,508 subscribers of Casualty Underwriters. The record further discloses that four or five stenographers had been working for the receiver for several months sending additional notices and letters to the subscribers of Casualty Underwriters and keeping up correspondence generally with said subscribers; that from the date cause No. 64395 was filed on April 22, 1941, to the date this suit was filed on May 11, 1942, 1,196 subscribers had paid the receiver a total sum of $118,-681.55, out of which a 35% dividend had been paid to all claimants and other additional expenses paid before this suit was filed; that some of the said subscribers were dead and that some of them were in bankruptcy.

The statement of facts contains more than 800 pages with numerous exhibits attached thereto, adding several hundred pages more, but it would serve no purpose to relate further facts at this time.

On the oral motion made at the trial by Frank Graves, Inc., Chamberlain and Strain, a partnership, and G. B. Mitchell, subscribers of Casualty Underwriters during the period from January 1, 1937 to August 11, 1938, inclusive, to dismiss them from this suit for the reason they were not proper parties plaintiff and that named appellants have no authority to represent them, the trial court dismissed the suit as to them individually and as class subscribers. The trial court, at the close of the evidence, entered judgment sustaining appellee's exceptions to appellants' pleadings and found that the facts introduced failed to constitute a cause of action against the defendant and decreed that named plaintiffs take nothing in their suit for themselves nor for all other subscribers and policyholders of Casualty Underwriters during the period from January 1, 1937, to August 11, 1938, inclusive, as against the receiver and that the judgment under attack be, and it was declared valid, subsisting and enforceable, to which appellants excepted and gave notice of appeal to the Court of Civil Appeals for the Third Supreme Judicial District at Austin and same was transferred to this court by the Supreme Court.

Full briefs were filed by the parties as well as three briefs as amicus curiae, some of the latter going outside of the record and dwelling little on the record that is before this court.

Both the original suit and this suit are what is known to our jurisprudence as "class suits" and both the receiver as plaintiff in the original suit and appellants in this suit rely on Rule 42, subdivision (a), Rules of Civil Procedure, and both cite the case of Southern Ornamental Iron Works v. Morrow, Tex.Civ.App., 101 S.W.2d 336, writ refused, as authority for such suits.

■ Relying upon the said authorities last cited, we are of the opinion that the original suit in cause No. 64395 was a proper class suit in which the subscribers could be bound although not named as parties to the suit, thus leaving only the questions set out below for this court to determine on this appeal, namely: The question of whether or not appellants' pleadings were sufficient in this cause and the questions of whether or not appellants discharged the burden of proof in conclusively establishing that fraud was committed against the subscribers in cause No. 64395; that the subscribers were not fairly, properly and adequately represented in said cause; that the 6,508 subscribers had no notice of said judgment in said cause until it was too late for them to resort to any remedy other than a bill of review and that said subscribers exhausted all legal remedies and were not guilty of negligence or lack of diligence in protecting their best interest in the matters in controversy.

■ The purpose of a hearing in equity in the nature of a bill of review is to determine whether or not a former final judgment rendered by the same court should be reversed or vacated and set aside when applicant or claimant has exhausted all of his legal remedies and has no further adequate remedy at law in the matter and has been diligent and not negligent in protecting his interest in connection with the issues involved.

■ On the subject we quote from Johnson et al. v. Templeton et al., 60 Tex. 238:

"Such bills seeking relief from final judgments, solemnly rendered in the due and ordinary course of the administration of justice by courts of competent jurisdiction, are always watched by courts of equity with extreme jealousy, and the grounds upon which interference will be allowed are, confessedly, narrow and restricted.

"It will not be sufficient to show that injustice has been done by the judgment sought to be enjoined. It must further distinctly and clearly appear that this result was not caused by any inattention or negligence on the part of the person aggrieved, and he must, among other matters, show a clear case of diligence and of merit to obtain the interference of a court of equity in his behalf at such a stage of the case. High on Inj. (2d Ed.), secs. 112, 113; Duncan v. Lyon, 3 Johns.Ch. [351] 356, [8 Am.Dec. 513]; Brown v. Hurd, 56 Ill. 317.

"Relief will not be granted unless the party seeking it can show clearly to the satisfaction of the chancellor that he has a good defense to the action, which he was prevented from making by fraud, accident or the acts of the opposite party, wholly unmixed with any fault or negligence on his part. He must be able to impeach the justice and equity of the verdict and judgment of which he complains, and to manifest clearly to the court that there is good ground to suppose that a different result will be attained by a new trial."

These rules have been consistently followed by the Supreme Court in the following cases: Nevins v. McKee et al., 61 Tex. 412; Sharp et al. v. Schmidt et al., 62 Tex. 263; Owens v. Foley, 42 Tex.Civ.App. 49, 93 S.W. 1003, writ refused; Stewart et al. v. Byrne, Tex.Com.App., 42 S.W.2d 234; Smith et al. v. Ferrell et ux., Tex.Com.App., 44 S.W.2d 962; Winters Mut. Aid Ass'n, Circle No. 2, v. Reddin, Tex.Com.App., 49 S.W.2d 1095, and other cases thereunder cited, as well as 17 Tex.Jur. 28, 31 and 25 Tex.Jur. 597, 600.

■ The authorities cited above and numerous others hold that equity will not set aside a judgment in a bill of review unless petitioner pleads facts, not conclusions, sufficient to establish that he had a good defense which he was prevented from making because of fraud, accident, mistake or other wrongs of adversary without any negligence or lack of diligence on the part of the pleader. The said authorities also hold that a suit in equity to set aside a judgment must challenge the very foundation of the judgment and must not involve a mere revision of the judgment because of errors the trial court may have made on the original trial. Likewise, the burden of proof is on the pleader to establish by

his proof the wrongs done to him without any negligence or lack of diligence on his part.

· In this case we find appellants alleged in their original petition in attempting to comply with the above rule as follows:

"Plaintiffs charge upon information and belief that the said Receiver, in choosing the said named defendants to represent all the subscribers at the Exchange, purposely selected subscribers who, in view of the small amount of their prospective liability, could not afford to actively defend said suit, and the said Receiver purposely avoided making parties any subscribers having a substantial amount involved, and who, by reason of such fact, would have an incentive to actively defend against said suit and prosecute an appeal from any adverse decision or judgment.

"That the conduct of the Receiver in omitting these plaintiffs and others similarly situated, was conceived and planned to stifle any real defense to said suit, and that such conduct on the part of said Receiver did stifle, forestall and circumvent any real defense to said suit.

"Plaintiffs say that said Receiver, as a result of the above and foregoing facts, has not proceeded with that degree of fairness and good faith required by equity of parties in class actions, and that said Receiver's conduct was such as to lull these plaintiffs into a false sense of security, and they were induced to relax that watchfulness in regard to their interests, which otherwise they would have exerted.

"Plaintiffs allege further that by reason of the foregoing facts they were not lax or negligent in failing to intervene and present their defenses upon the trial of said cause, nor were they negligent in failing to discover the pendency of said suit, nor the fact of the rendition of said judgment, in time to present their motion for a new trial in said cause. That said judgment has now become final, 30 days having elapsed since rendition and entry thereof on April 22nd, 1941, no appeal having been taken therefrom."

Appellants further alleged in their supplemental pleadings "That these plaintiffs had no actual notice or knowledge of said suit No. 64395, or the judgment entered therein until more than six months after such judgment was entered."

To all of which pleadings appellee duly excepted on the grounds that same is the conclusion of the pleader; that the specific acts of the receiver have not been alleged with sufficient certainty to apprize appellee of what he is expected to meet; that the dates, time, places and circumstances of said acts are not alleged; that there is no pleading to show when nor how the receiver lulled appellants into a false sense of security and induced them to relax that watchfulness in regard to their interest, nor how, when or even whether appellants relied upon any acts or statements made by the receiver; that appellants have failed to excuse their negligence or lack of diligence but, on the contrary, their pleadings show them guilty of laches, negligence and lack of diligence; that they have not alleged what good and sufficient defense, if any, they could or would have presented upon a trial; that they have not alleged the date they heard of the judgment in cause No. 64395 nor justified their failure to learn of the pendency or judgment in said cause, and numerous other exceptions.

■ The record does not disclose any findings of fact or conclusions of law nor a request for any. Where no findings of facts or conclusions of law were filed and none requested, it is presumed that all facts supported by the evidence were found in favor of the judgment. Humphrey et al. v. Harrell et al., Tex.Com.App., 29 S.W.2d 963; Johnson v. Durst, Tex.Civ.App., 115 S.W.2d 1000; Chavez v. Goodman, Tex. Civ.App., 152 S.W.2d 826.

■ It is also a well settled rule that in a bill of review a question of negligence or that of exhausting legal remedies is a question of fact for the trial court in a nonjury case. Stewart et al. v. Byrne, supra, and Panhandle Construction Co. v. Casey, Tex.Civ.App., 66 S.W.2d 705.

■■ It is, therefore, presumed that the trial court held in this case that appellants failed to discharge the burden of proof and were guilty of negligence and lack of diligence. Unless we find there is no evidence of probative force to support his findings, this court is bound by the trial court's findings.

We find that appellant, Herbert S. Gray, was the only named appellant who testified in the trial court. Appellants Cobb and Katz never testified and there was no evidence disclosing what knowledge or notice, if any, Cobb and Katz or any of the subscribers, other than Gray, had of the proceedings in cause No. 64395 and no evi-

dence excusing their negligence or lack of diligence in the matter. The record does disclose that three of the subscribers were dismissed by request during the trial; that there were 32 subscribers and policyholders as defendants in cause No. 64395; that some 400 subscribers and policyholders intervened in cause No. 60393; that 1,196 subscribers had accepted the terms of the judgment of the trial court in cause No. 64395 and had paid $118,681.55 in assessments to the receiver prior to the filing of this suit; all of these subscribers must have had knowledge of the proceedings in cause No. 64395. The record discloses further that the receiver sent notices on August 27, 1938, to all 6,508 subscribers and policyholders advising them of the proceedings in cause No. 60393; that notices were sent by said receiver on August 25, 1938, to all creditors and claimants, many of whom were policyholders, advising them of the proceedings in cause No. 60393, and that this suit was filed by the receiver under the direction of the trial court with his order entered on December 20, 1941. Appellant Gray testified that he had no actual knowledge of the judgment in cause No. 64395 until "early in 1942", but that he did have knowledge that his insurance had been cancelled but made no inquiry why and that he made no effort to find out if the company "had gone broke." The notice of the receiver of date August 17, 1938, advising the subscribers and policyholders of the cancellation of their insurance, likewise advised them that "This notice is given to you that you might take steps to protect yourself." In view of all these facts appellant Gray had enough notice to put him on inquiry.

We find no evidence to support the claim made by appellants that the subscribers and policyholders named as defendants in cause No. 64395 failed to truly, fairly and adequately represent them as a class. We find no evidence of probative force, if any at all, tending to show any wrongful conduct on the part of the receiver that could have lulled appellants into a false sense of security, and we find no evidence in the record that will justify the negligence and lack of diligence of appellant Gray or any of the other appellants in their failure to preserve and protect whatever interest they may have had in the matters in controversy.

It is our opinion that the trial court properly held that appellants' plead-ings were insufficient as a matter of law and that appellants failed to discharge the burden of proof with which they were charged in such cases.

The judgment is therefore affirmed.