**ALEXANDER et ux. v. HAGEDORN.**

No. 9786.

Court of Civil Appeals of Texas. Austin.

April 13, 1949.

Rehearing Denied May 4, 1949.

198

Wm. Yelderman, of Austin, for appellants.

Richards & Richards, of Lockhart, Hart, Brown & Sparks, and J. H. Hart, all of Austin, for appellee.

RAYMOND GRAY, Justice.

Appellee, as plaintiff in the trial court, brought this suit, in the nature of a bill of review, to set aside a judgment rendered against him and in favor of appellants in cause No. 10,500, and prayed for an injunction restraining the enforcement of said judgment during the pendency of this suit.

Appellants filed cause No. 10,500 against appellee for damages resulting to them when their automobile overturned on the highway. It was alleged this accident was caused by a mule which was on the highway unattended, in violation of a local option stock law and allegedly owned by appellee. Upon the trial damages were awarded appellants for a total sum of $3,126.84. After the expiration of the term of court at which this judgment was rendered, appellants caused a writ of garnishment to be issued and served on the First Lockhart National Bank. After being advised by the bank that the writ of garnishment had been served, and being advised by said bank to employ an attorney, appellee employed attorneys and instituted this suit.

In his petition for a bill of review appellee alleged he cannot read the English language and that when the officer served citation on him in cause No. 10,500, he requested said officer to, and said officer did, read and explain to him the citation, and stated to appellee that the citation required him to appear in the district court on or before 10 o'clock a.'m., September 1, 1947. That appellee and his wife did go to the district courtroom on the morning of September 1, 1947, and found no one there; that he then went to the district clerk's office and made known to the clerk that he had come to the court for the purpose of entering his appearance in cause 10,500; that the clerk advised him there would not be a session of the district court that week and the judge would not be there; that he gave the clerk his postoffice address and said clerk advised him he would let him know when he should come back for the purpose of further answering said cause; that relying on the information given him by the clerk and believing he would be notified before further proceedings were had in the cause, appellee returned to his home in a rural area of Caldwell County and did not hear anything further about cause 10,500 until he learned the bank had been served with a writ of garnishment, issued on the judgment obtained in cause 10,500 on December 8, 1947.

Appellee further alleged the above facts were not made known to the court at the time of the entry of the judgment; that he had acted diligently in responding to the process of the court and in entering his appearance; that he has, and.had, a good and sufficient defense to the cause of action alleged against him, in that at the time it was alleged a mule was on the highway unattended, such mule did not belong to him, was not one over which he had any control or of which he had any knowledge, or that had ever been in his possession; that he could and would have established these facts at the trial of cause 10,500 if he had been advised of the date of such trial, and that he has at all times been fully prepared to prove such facts.

Upon the trial the judgment in cause 10,500 was set aside, all effects impounded by the writ of garnishment were released, and judgment rendered that appellants take nothing as against appellee.

The parties agreed that the evidence and proceedings in cause 10,500 should be considered and taken cognizance of by the court in this cause.

The court filed findings of fact, which are supported by the evidence, and, among other things, found:

Appellee cannot read or write the English language; that at the time citation was served on him in cause 10,500, appellee requested the officer serving the process to explain to him its meaning and tell him what to do; that the officer did explain the citation and told appellee it required him to be

at the courthouse in Lockhart September 1, 1947; that appellee went to the courthouse and to the district court room on September 1, between 9 and 10 o'clock a. m., and found no one there; that he then went to the district clerk and told said clerk he had come in obedience to the citation served on him by the deputy sheriff and to answer in cause 10,500; that the clerk advised appellee that there would not be any district court held at Lockhart during that week; that appellee gave the clerk his address and requested said clerk to notify him when he should return for the purpose of defending cause 10,500; that the clerk took appellee's address and he understood said clerk would notify him when he should return for the purpose of defending said cause; that appellee did not receive any word from the clerk, or from any other person, and did not know any action had been taken in cause 10,500 until he was informed by the bank that a writ of garnishment had been served upon it; that if appellee had been notified he would have appeared.

That upon the trial of cause 10,500, it was stated to the court that appellee admitted the mule which was on the highway was his mule and was under his control. The court further found that appellee was not the owner of, and was not responsible for, the mule which was on the highway and caused the accident that resulted in injuries and damages to appellants; and that said mule was owned by, and was under the control of, Robert Hagedorn, an adult person. That soon after the accident, appellants were informed that the mule causing the accident was the property of, and was in the custody and under the control of, Robert Hagedorn; that at the time of the filing of cause 10,500, and at all times thereafter, appellants knew Robert Hagedorn admitted he was the owner of said mule and that it had escaped from his pasture.

The Commission of Appeals in Harding v. W. L. Pearson & Co., 48 S.W. 2d 964, 965, announced the law relative to the granting of a bill of review as follows: "The rule is well established in this state that to obtain a new trial after the expiration of the term something more than that injustice has been done must be shown. It

must appear: (1) That the former judgment was not caused by any negligence on him who seeks to set it aside, but that diligence was used to prevent it; (2) that he had a good defense to the action, which he was prevented from making by fraud, accident, or the acts of the opposing party, wholly unmixed with any fault or negligence of his own; (3) that there is good cause to believe that a different result will be obtained by a new trial; and (4) the pleadings and issues of the former suit, and its result, must be set forth distinctly and clearly. It has also been established that bills seeking relief from final judgment, solemnly rendered in the due and ordinary course of the administration of justice by courts of competent jurisdiction, are always watched by courts of equity with extreme jealousy, and the grounds on which interference will be allowed are narrow and restricted."

We are of the opinion that the findings of fact made by the trial court meet the requirements set out by the Commission of Appeals and entitle appellee to a bill of review.

The question of whether or not appellee was negligent in presenting his defense to cause 10,500 was a question of fact for the trial court. Gray v. Moore, Tex.Civ.App., 172 S.W.2d 746, Er.Ref. W.M. We do not hold that the district clerk, under the facts presented here, would be required to notify a resident defendant as to the date of a setting of a cause for trial as is provided in Rule 246, Texas Rules of Civil Procedure. However, the facts were evidence of appellee's diligence in presenting his defense and, also, on the issue of his negligence. The record shows that after appellee made his appearance before the clerk, appellants' attorney appeared and made a notation on the judge's docket in cause 10,500, which notation was signed by the clerk and is as follows: "9–17–47. On request of Plaintiff's Attorney on this date I make note of the failure of defendant, William Hagedorn, to file an answer."

This action might and should have reminded the clerk of his obligation to appellee. Whether or not appellants' attorney was then proceeding under the pro-

visions of Rule 238, T.R.C.P., does not appear. After this and on December 1, 1947, appellants' attorney wrote the district judge a letter relative to cause 10,500, wherein he stated: "I understand from the Clerk that you plan to be in Lockhart to transact regular business, uncontested cases, on Monday, December 8th. At that time I should like to have a hearing before you so that Mr. Alexander, the plaintiff in this cause, may prove up the amount of his damages and have judgment entered in accordance with proof."

We assume this letter was written in the interest of convenience to plaintiffs rather than in compliance with Rule 245, T.R.C.P. However, the letter being introduced by appellants, it was some evidence of the clerk's knowledge as to when the district judge would be in Lockhart for the transaction of business and some evidence that said clerk should have advised appellee when to appear, if said clerk had in fact assumed the obligation to so notify him. See Pearl Assurance Co., Ltd., v. Williams, Tex.Civ. App., 167 S.W.2d 808.

The trial court's finding that upon the trial of cause 10,500, it was stated to the court that appellee admitted he was the owner of the mule at the time of the accident, but appellants then knew and had known, since before the filing of the suit, that the said mule was not owned by appellee but was owned by and under the control of another, meets requirement (3) supra, and also that appellee had a good defense to appellants' cause of action. These findings, also, amount to a finding by the court that appellants were guilty of such inequitable conduct as to amount to fraud. Warren v. Osborne, Tex.Civ.App., 154 S.W.2d 944, Er.Ref.W.M. The court further found that if such statements (that appellee admitted he was the owner of the mule) had not been made to and in the presence of the court, a hearing of cause 10,500 would have been postponed until appellee was notified that the cause would be tried at a certain time. The court would have been authorized to reset the case for hearing. Rule 330(b) and Rule 245, T.R.C.P. This finding and the further finding that appellee would have appeared if he had been notified meet requirement (2) supra.

We are of the opinion the judgment of the trial court is amply supported by the record, for which reason said judgment is affirmed.

Affirmed.