### W. T. JOHNSON ET AL. V. V. H. TEMPLETON, ADM'R.

(Case No. 1511.)

1. NEW TRIAL AFTER EXPIRATION OF THE TERM.— To obtain a new trial after the expiration of the term, something more than that injustice has been done must be shown. It must appear:

(1) That the former judgment was not caused by any negligence of him who seeks to set it aside, but that diligence was used to prevent it.

(2) That he had a good defense to the action, which he was prevented from making by fraud, accident, or the acts of the opposing party, wholly unmixed with any fault or negligence of his own.

(3) That there is good cause to believe that a different result will be obtained by a new trial.

(4) The pleadings and issues of the former suit, and its result, must be set forth distinctly and clearly.

2. SAME.— Bills seeking relief from final judgments, solemnly rendered in the due and ordinary course of the administration of justice by courts of competent jurisdiction, are always watched by courts of equity with extreme jealousy, and the grounds on which interference will be allowed are narrow and restricted.

ERROR from Franklin.   Tried below before the Hon. B. T. Estes.

*W. P. McLean*, for plaintiff in error.

WEST, ASSOCIATE JUSTICE.— This court has on more than one occasion laid down with considerable strictness the rules which should govern the action of the district court in cases where a new trial is sought after the expiration of the term.

Where the final judgment of a court of competent jurisdiction has been once solemnly pronounced, it ought not to be lightly disturbed. It is alike the interest of individual suitors and of the public at large that there should be at some period an end put to litigation.

For these, and many other good reasons, though the power of courts of equity to restrain final judgments and to entertain bills for new trial in such cases is well established, it never has at any time been regarded as a favorite one with chancellors.

Such bills seeking relief from final judgments, solemnly rendered in the due and ordinary course of the administration of justice by courts of competent jurisdiction, are always watched by courts of equity with extreme jealousy, and the grounds upon which interference will be allowed are, confessedly, narrow and restricted. '

It will not be sufficient to show that injustice has been done by the judgment sought to be enjoined. It must further distinctly and clearly appear that this result was not caused by any inattention or negligence on the part of the person aggrieved, and he must, among other matters, show a clear case of diligence and of merit to obtain the interference of a court of equity in his behalf at such a stage of the case. High on Inj. (2d ed.), secs. 112, 113; Duncan v. Lyon, 3 Johns. Ch., 356; Brown v. Hurd, 56 Ill., 317.

Relief will not be granted unless the party seeking it can show clearly to the satisfaction of the chancellor that he has a good defense to the action, which he was prevented from making by fraud, accident or the acts of the opposite party, wholly unmixed with any fault or negligence on his part. He must be able to impeach the justice and equity of the verdict and judgment of which he complains, and to manifest clearly to the court that there is good ground to suppose that a different result will be attained by a new trial. Plummer v. Power, 29 Tex., 14, and cases there cited; Burnley v. Rice, 21 Tex., 183.

Testing the case before us by these rules, it will be apparent that the district court did not err in dismissing, in this case, the petition for injunction and new trial.

The injustice of the judgment sought to be enjoined is not made clearly manifest.

The nature and character of the original proceeding in which the judgment sought to be enjoined was obtained are not set out in the pleadings of the plaintiffs in error with sufficient fullness.        .

It is stated, in the most general terms, that there was in that suit no cause of action set up against the plaintiffs in error, and that no sum of money was stated in the pleadings to be due or owing, but it is also averred in the same connection that there were in the original petition certain averments as to various items of indebtedness set up, or attempted to be set up, as due by the plaintiffs in error to the defendant in error, in her representative capacity.

The contents or substance of the pleadings in the original suit are not sufficiently set out or disclosed to enable the court to determine with reasonable certainty what was really there the issuable matter in controversy on which the plaintiffs in error relied to make out their defense.

Neither the dates, the amounts, nor the character of the items of indebtedness charged against them, are given.

All the averments on this subject, as well as those relating to the grounds of defense relied on, are manifestly insufficient in a proceeding of this kind, addressed to the court sitting as a court of equity. They are at last nothing more than the conclusions of the pleader. They do not set out with the requisite fullness and clearness the particulars of the original suit, nor fully and satisfactorily disclose the nature of the defense relied on. Nor do the allegations sufficiently connect the plaintiffs in error with the alleged fraud.

Nor do the averments that there was collusion between the attorneys of the plaintiffs and defendant in error sufficiently set out the facts in that behalf. It does not appear clearly that these matters did not originate before the attorneys became associated in business. Nor does it appear clearly that the attorneys on either side sought in any manner to deceive or mislead the defendants in error. They seem, according to their own statement of the matter in their pleadings, to have trusted too fully in their co-defendant, Leftwich. Upon a very full and careful examination of the amended petition, we are of the opinion that there was no error in the judgment of the district court, and that it should be affirmed. And it is so ordered.

AFFIRMED.

[Opinion delivered October 26, 1883.]