## J. M. BROWNSON ET AL. v. J. W. REYNOLDS.

### No. 6544.

1. **New Trial.**—Equity will not grant a party to a judgment a new trial when the failure to have his case properly presented resulted from the negligence or mistakes of his counsel.

2. **Same.**—Equity will not grant a new trial and set aside a judgment except upon a showing of strict diligence in the prosecution of the cause, and upon proof that after doing all that such diligence required he had been deprived by fraud, accident, or other uncontrollable circumstances of the opportunity of properly presenting his case on the trial.

3. **Fact Case.**—See the opinion for facts illustrating the above rules, and under which a new trial was properly refused.

4. **Case Adhered to.**—Vardeman v. Edwards, 21 Texas, 737, adhered to.

APPEAL from Atascosa. Tried below before Hon. D. P. Marr. The opinion states the case.

*Brown & Beasely,* for appellants. — 1. A rehearing of a cause may be granted by the District Courts of Texas upon application of plaintiffs, though the application be made after the adjournment of the term at which judgment was rendered, provided the application be made within two years thereafter. Metzger v. Wendler, 35 Texas, 383; Harn v. Phelps, 65 Texas, 596; Gross v. McClaran, 8 Texas, 343; Mussina v. Moore, 13 Texas, 7; Overton v. Blum, 50 Texas, 423; McMurray v. McMurray, 67 Texas, 667.

2. If a sufficient excuse be shown why a new trial was not applied for during the term at which the cause was tried, then a rehearing on application therefor made after the term should be granted on the same grounds that would have authorized the granting of a new trial. Vardeman v. Edwards, 21 Texas, 739; Mussina v. Moore, 13 Texas, 7; Colyer v. Langford's Admrs., 1 A. K. Marsh, 174; Deputy v. Tobias, 1 Blackf., 311; Ballance v. Loomis, 22 Ill., 82; Hoskins v. Hollenback, 14 Ia., 314.

3. If a trial of a cause be had, and for the want of material testimony judgment go against the party to be benefited by it, and he used due diligence to produce it at the trial and the failure to produce it was owing to no fault on his part, and after the adjournment of the term he discovers the testimony, and great injustice would result to him if a rehearing of the cause should be denied him, under such circumstances such newly discovered testimony would authorize the granting of a rehearing of the cause.

Vardeman v. Edwards, 21 Texas, 739; Burnley v. Rice, 21 Texas, 180; Story's Eq. Plead., sec. 412; Freem. on Judg., 503, 506; Hubbard v. Robson, Breese, 147; Iglehart v. Lee, 4 Md. Ch., 514; Baltzelle v. Randolph, 9 Fla., 366.

4.   A rehearing may be granted on the ground of mistake or accident, even when such mistake or accident is occasioned by a correct ruling of the court, and although negligence may be properly imputable to the attorney of the party asking it, provided the party asking it has a meritorious cause of action and no other remedy is left him. Buford v. Bostick, 50 Texas, 375; Chinn v. Taylor, 64 Texas, 389; Plummer v. Power, 29 Texas, 13; Sharp v. Mayor, 31 Barb., 578; Freem. on Judg., sec. 500a; Rice v. Bank, 7 Humph., 39; White v. Washington, 5 Gratt., 45; Kohn v. Lovett, 43 Ga., 180.


No brief on file for appellee.


GAINES, ASSOCIATE JUSTICE.—This was an original action brought by appellants against appellee for the purpose of setting aside a judgment of the District Court rendered at a former term in a cause in which the appellants were plaintiffs and appellee Brownson was defendant, and of obtaining a new trial of the case.   A demurrer to the petition in the present suit was sustained, and that ruling is now assigned as error.

The allegations in the petition show that the former suit was an action of trespass to try title to 640 acres of land; that the land had been patented, and that the plaintiffs had a regular chain of title from the patentee down to themselves.   A link in that chain is a deed from Lee, the patentee, to one Rose.   It is alleged that at the time of the trial of the former suit that deed had been lost; that after diligent search it could not be found, and that consequently the plaintiffs went to trial relying upon a certified copy from the record of deeds of Bexar County.   It was further averred that when the copy was offered in evidence it was objected to by the defendants upon sundry grounds (which are stated in the petition), and was by the court excluded, and that thereupon the plaintiffs' counsel permitted a judgment to be rendered against them without offering to introduce in evidence the subsequent deeds under which they claimed.

It is also alleged that the case was not appealed, but that it was agreed between the parties that the affirmance or reversal of the judgment should depend upon the action of the Supreme Court upon another case involving the same questions tried at the same term.   It is also averred that since the disposition of the cause and the adjournment of the term at which the judgment was rendered, the plaintiffs had discovered the original deed in the hands of a third party who had no connection with the title, and in whose hands they had never had any reason to suspect it to be.

It is a rigid rule that courts of equity will not grant a party to a judgment a new trial when the failure to have a full and fair presentment of

his case has resulted from the negligence or mistakes of his counsel. Public policy demands that in the absence of fraud on part of his counsel the party should be as fully concluded by the act of his attorney as if he were acting for himself. It is also a fixed rule that a court of equity will not interfere to set aside a judgment and grant a new trial except upon a showing of strict diligence in the presentation of the cause, and upon proof that after doing all that such diligence required to be done he had been deprived by fraud, accident, mistake, or other uncontrollable circumstance of the opportunity of properly presenting his case upon the trial. And if after it has become apparent that he must fail in his suit he fails to avail himself of all means at his disposal to arrest the judgment and to exhaust every legal remedy to vacate it after it has been rendered, relief will be denied.

That the complainant has a meritorious case, and that he has been compelled to suffer an adverse judgment by circumstances wholly beyond his control, are the fundamental grounds upon which the equity to demand a new trial must rest. Have the appellants by the allegations in their petition shown such a case? We think not. In the first place, when the court on the trial of the original suit excluded the certified copy of the deed, it was certainly possible to have averted the judgment. It is probable that if counsel had claimed surprise and moved to withdraw the announcement the court would have granted the motion. If the ground of the exclusion of the copy was that the proper predicate had not been laid for the introduction of secondary evidence by the affidavit of both of the plaintiffs, and it had been made to appear that that difficulty could be removed by procuring such affidavits, it would have been proper to have granted such a motion. If the record was defective and the copy in any event inadmissible, the judgment could and should have been avoided by taking a nonsuit.

If the ruling of the court was not clearly correct, its correctness could have been tested by taking a nonsuit, followed by a motion to set it aside for the supposed error and an appeal to this court. If the ruling was wrong an appeal properly presenting the question would have secured relief and rendered the resort to an equitable action unneccessary. The inference to be deduced from the allegations in the petition is that the case was so defectively prepared for appeal that it did not present the meritorious questions involved. The result of the appeal by which the validity of the judgment here sought to be set aside was to be determined under the agreement of the parties is not alleged, and the presumption is that it was without effect.

In Vardeman v. Edwards, 21 Texas, 737, it is said: "In general, where it would have been proper for a court of law to have granted a motion for a new trial, if application had been made while the court had the power to do so, the court of chancery will afford its aid and grant it if the ap-

plication be made upon grounds arising after the court of law ceased to have power to act.    And, in general, the court will be governed by the same principles in passing upon the merits of the application by which a court of law would have been governed."

The proposition is expressly stated as a general rule, and the statement implies that it has its exceptions.   If the original deed had been discovered during the term, and the application had been made before the adjournment, the new trial should have been granted.   But here the plaintiffs are asking relief against a result which he could have averted by proper procedure.   Besides it is not shown by the petition that the judgment would not have been reversed in this court had the case been so prepared as properly to present for revision the ruling of the lower court, and had an appeal been properly taken from the judgment.   Equity will not interfere where the complainant had a legal remedy and has failed to avail himself of it.

We are of the opinion therefore that the court did not err in sustaining a demurrer to the petition, and the judgment is accordingly affirmed.

*Affirmed.*

Delivered May 9, 1890.