## CANION v. BROWN.

### No. 4156.

Court of Civil Appeals of Texas. Texarkana.
March 31, 1932.

Rehearing Denied April 28, 1932.

Hornsby & Hornsby, of Austin, for appellant.

Dan Moody, of Austin, for appellant on rehearing.

P. G. Henderson, of Jefferson, and S. P. Jones and Franklin Jones, both of Marshall, for appellee.

WILLSON, C. J. (after stating the case as above).

██ Law governing this kind of a case is clearly and correctly stated in the syllabus to Johnson v. Templeton, 60 Tex. 238, as follows: "To obtain a new trial after the expiration of the term, something more than that injustice has been done must be shown. It must appear: (1) That the former judgment was not caused by any negligence of him who seeks to set it aside, but that diligence was used to prevent it. (2) That he had a good defense to the action, which he was prevented from making by fraud, accident, or the acts of the opposing party, wholly unmixed with any fault or negligence of his own. (3) That there is good cause to believe that a different result will be obtained by a new trial. (4) The pleadings and issues of the former suit, and its result, must be set forth distinctly and clearly." And a rule applicable is stated as follows in Brownson v. Reynolds, 77 Tex. 254, 13 S. W. 986, 987: "It is a rigid rule that courts of equity will not grant a party to a judgment a new trial when the failure to have a full and fair presentment of his case has resulted from the negligence or mistakes of his counsel. Public policy demands that, in the absence of fraud on the part of his counsel, the party should be as fully concluded by the act of his attorney as if he were acting for himself. It is also a fixed rule that a court of equity will not interfere to set aside a judgment. and grant a new trial, except upon a showing of strict diligence in the prosecution of the cause, and upon proof that, after doing all that such diligence required to be done, he had been deprived, by fraud, accident, mistake, or other uncontrollable circumstance. of the opportunity of properly presenting his case upon the trial."

Without respect to whether the judgment in question here is sustainable on another or other grounds suggested in the excerpt set out above from the opinion of the Supreme Court in the cited case of Johnson v. Templeton, we think it plainly is sustainable on the ground that it did not appear that said judgment was not due to negligence of appellant or to negligence of his attorneys chargeable to him. The evidence, and only evidence in the statement of facts accompanying the record sent to this court relevant to that phase of the case, was that of appellant as a witness in his own behalf as follows: "I was served with the citation in the suit of Fred Brown against me for injuries inflicted on him. After that suit was filed I employed an attorney to represent me. I employed Shelton and Shelton of Austin. I paid them a fee. I didn't know this case was set for trial in December, 1930; I sure did rely on my attorneys to let me know and look after the case, or I wouldn't have employed an attorney. * * * I was not notified by my attorneys that this case was to be tried in December, 1930. If I had been notified I would have been here. * * * The first I knew of this judgment being obtained against me was when the sheriff of Travis County notified me. He handed me the execution. I think it was dated in January. * * * I employed Mr. Shelton after I was served with citation * * * employed him to take care of this case and he came up here and filed a plea of privilege and he came to Jefferson and presented that and then came back to Austin and told me it was overruled. He said he would have to make a surety bond and I made that bond. * * * I talked

with Mr. Shelton about when the case would be called and he said, 'Well, Canion,. they would notify you when the case is set.' I talked with him as many as three times about it and I was doing everything I possibly could to carry out the orders of this court by paying the court costs and making that bond and going up to the Court of Appeals and if I was going to let them take a default judgment I wouldn't have paid those court costs; and the next thing I knew the sheriff of Travis County presented me that execution, and I showed it to Mr. Shelton and he seemed to be dumbfounded and said, 'Why, Canion, they were going to let me know,' and then I employed Mr. Hornsby to see what he could do for me."

It will be noted that there was nothing in the evidence set out tending even remotely to show that appellant's conduct or that of his attorneys in failing to attend the trial in December, 1930, was due to accident or mistake or to fraud practiced by appellee, or to anything other than negligence chargeable to appellant.

As we view it, there is no error in the judgment. Therefore it is affirmed.

### On Motion of Appellant for a Rehearing.

█ In the motion appellant complains because this court in its opinion disposing of the appeal did not specifically pass on his second assignment of error by which he questioned the sufficiency of the evidence to support the judgment rendered against him December 9, 1930. The evidence was duly considered, and we reached the conclusion it furnished sufficient support for findings involved in the judgment, to wit: (1) That the truck which ran over appellee belonged to appellant, or, if it did not, was under his control, and being used by h♭ employee in his service at the time of the accident; (2) that said employee in operating the truck as he did was guilty of actionable negligence; (3) and that such negligence resulted in injury to appellee's person.

The statement in the opinion that the only evidence sent to this court on the issue as to negligence on the part of appellant or his attorneys in suffering the judgment in question to be taken was the testimony of appellant as a witness in his own behalf is challenged as incorrect, and reference is made to the affidavit of the Attorneys Shelton & Shelton attached to and made a part of Canion's pleadings. It was directly held in Southern Traction Co. v. Wilson (Tex. Civ. App.) 241 S. W. 636, 638, that "affidavits [quoting] attached to a motion for new trial, while perhaps proper as pleadings, are not evidence."

The motion is overruled.