## BRANNEN v. CITY OF HOUSTON.
### No. 11247.

Court of Civil Appeals of Texas. Galveston.
June 26, 1941.

Rehearing Denied July 24, 1941.

Aris C. Edwards and Ernest S. Fellbaum, both of Houston, for appellant.

Lewis W. Cutrer, City Atty., and Ernest H. Folk, Asst. City Atty., both of Houston, for appellee.

CODY, Justice.

The question on this appeal is whether the court erred in sustaining a general demurrer to appellant's petition for bill of review.

Appellant's petition for bill of review is quite lengthy, covering some thirty pages of the transcript. In it appellant joined as defendants the appellee, City of Houston, Houston Land and Trust Company, and George P. Blaise. He alleged in said petition that the Houston Land and Trust Company is the owner of certain real estate in the City of Houston on which is located a large garage building, and that defendant Blaise occupied the same as the tenant of the Houston Land and Trust Company. Appellant alleged that he was injured by reason of getting the heel to his shoe caught in one of the prisms set in the skylight which formed a part of the sidewalk adjoining the aforesaid building. That this occurred in November, 1934; and that appellant's injuries were the direct and proximate result of negligence on the part of Blaise as the occupant and tenant of said building; that said injuries were the proximate result of the negligence of the Houston Land and Trust Company as the owner of said building; and that said injuries were the direct and proximate result of the negligence of the servants of the City of Houston whose business it was to inspect sidewalks, etc. Appellant further alleged that on January 5, 1935, within 90 days after receiving his injuries, he gave proper no-

tice to the Mayor and City Council of his claim for damages, and that he filed suit thereon, and that the suit came on for trial on May 7, 1938, and that the cause, except as to the Houston Land and Trust Company (which was by the court discharged from the suit), was submitted to the jury upon special issues. The thirty-six special issues upon which the cause was submitted to the jury, and the jury's answers thereto, are set forth verbatim in appellant's petition. In substance the findings of the jury, as set forth in appellant's petition for bill of review, were to the effect that appellant was not caused to fall by catching his heel in a hole in the sidewalk as he alleged, and did not suffer damages as a result of such fall. These findings further exonerated Blaise and the City of Houston from negligence, and the jury also found that appellant's injuries were the result of an unavoidable accident. Appellant's petition then goes on to allege: That on March 21, 1938, the jury returned their verdict in favor of Blaise and the City of Houston and against appellant, and judgment accordingly was rendered and entered thereon on March 22, 1938, and that appellant's motion for a new trial was thereafter duly filed, and was duly heard and overruled on May 17, 1938, and that appellant duly gave notice of appeal.

Appellant's petition further alleges: That appellant's then counsel, after giving notice of appeal, on the same day withdrew from the case, and that appellant was poor and so was unable to employ other counsel and the judgment became final. That appellant was unable to interest counsel in his case until March 15, 1939, at which time he interested his present leading counsel, who, in turn, obtained associate counsel on May 9, 1939, but said associate counsel withdrew from the case on July 11, 1939; that thereafter appellant managed to interest, in turn, three additional attorneys, who after consuming considerable time investigating the case refused to take employment in the case. And that appellant because of his infirm health and poverty was unable to have his case properly handled and investigated. But between the month of May, 1939, and the 26th day of August, 1939, appellant learned for the first time of misconduct on the part of the jury, which consisted of members of the jury experimenting by trying to get the heels of their shoes caught in a hole in a skylight which had been introduced in evidence, etc. Appellant alleged that neither he nor his former counsel knew of said misconduct and that appellant learned of said misconduct for the first time after the judgment rendered in the cause had become final. That it was February 10, 1940, before appellant was successful in obtaining a voluntary affidavit from one of the jurors setting forth the facts constituting the alleged jury misconduct. Appellant then alleges that within 16 days after obtaining said affidavit he filed his petition for Bill of Review.

The transcript shows that upon the requested counsel and advice of the Honorable James H. Kerr, Jr., an attorney of the Houston Bar, as amicus curiae, the court found that Blaise is a non-resident of Texas, and that the court was without jurisdiction over either the person or property of the said Blaise in connection with appellant's bill of review. To this action of the court appellant gave notice of appeal, but has not appealed therefrom, and of such action by the trial court no complaint is here made.

It further appears that the Houston Land and Trust Company urged a general demurrer to appellant's bill of review, which the court sustained, and the court ordered said defendant dismissed from the suit, to which action of the court appellant reserved no exception, and, of course, against which action appellant urges no error here.

The court, as hereinafter indicated, likewise sustained the appellee's general demurrer, and upon appellant's refusing to amend, the court dismissed appellant's petition for bill of review. This action of the court was tantamount to holding that appellant's petition failed to show any equitable grounds for setting aside the final judgment which appellant attacked.

In Stewart v. Byrne, Tex.Com. App., 42 S.W.2d 234, 235, the rule applicable to an equitable proceeding to set aside a judgment after the term of court at which it had been rendered had expired is thus stated:

"A court of equity will not interfere to set aside a judgment and grant a new trial, except upon a showing of strict diligence in the presentation of the cause and upon proof that, after doing all that such diligence required to be done, he has

been deprived by fraud, accident, mistake, or other uncontrollable circumstances, of properly presenting his case upon the trial. And if, after it has become apparent that he must fail in his suit, he fails to avail himself of all means at his disposal to arrest, the judgment and to exhaust every legal remedy to vacate it after it has been rendered, relief will be denied. That complainant has a meritorious case, and that he has been compelled to suffer an adverse judgment by circumstances wholly beyond his control, are the fundamental grounds upon which the equity to demand a new trial must rest. Brownson v. Reynolds, 77 Tex. 254, 13 S.W. 986.

"Relief will not be granted unless the party seeking it can show clearly to the satisfaction of the court that he has a good defense to the cause of action [or in the case of a plaintiff, a good cause of action], which he was prevented from making [out] by fraud accident or the acts of the opposite party wholly unmixed with any fault or negligence on his part. Johnson v. Templeton, 60 Tex. 238; Duncan v. Smith Bros. Grain Co., 113 Tex. 555, 260 S.W. 1027; White v. Powell, 38 Tex.Civ.App. 38, 84 S.W. 836."

See Crouch v. McGaw, 134 Tex. 633, 138 S.W.2d 94.

The remedy for setting aside a jury's verdict for misconduct is to allege the facts constituting such misconduct in the motion for a new trial, and at the time the motion for a new trial is presented the hearing is had on the alleged misconduct of the jury. Appellant did not avail himself of such remedy. But there is no contention made that appellee in any way prevented appellant from availing himself of such remedy. It is not pretended that appellee so much as knew of the alleged jury misconduct. Yet appellant is here asking that appellee be deprived of the vested right which it acquired in consequence of the judgment having become final. This vested right could be taken away from appellee only by a court of equity, and the only ground for a court of equity setting aside a final judgment by a Bill of Review is by showing that appellant was prevented from making out his case by fraud, accident or the wrongful act of appellee, unmixed with any fault or negligence of his own. Now the only excuse that appellant has for not availing himself of his legal remedy to set the verdict aside through his motion for new trial is that he was ignorant that the alleged misconduct had occurred, and that his attorneys were ignorant that the alleged misconduct had occurred. It is true that he attempts to excuse his failure to discover such misconduct on the ground that he was poor and infirm. But he makes it appear from his pleading that he had counsel who prepared and filed his motion for a new trial. Their failure to discover and allege jury misconduct in the motion for new trial, as already pointed out, was not chargeable to appellee, and consequently appellee may in all good conscience retain the right vested in it by the judgment. In this connection, we quote as being here applicable this language from Smith v. Farrell, Tex.Com.App., 44 S.W.2d 962, 966: " 'If the judgments of Courts were liable to be set aside, and new trials granted on such grounds as these, there would, indeed. never be an end of litigation. It has been well said, that, "If mistakes in practice or inadvertence furnished reason for a new trial, it would encourage litigation and reward ignorance and carelessness at the expense of the other party." (6 Rep. 9.) And, therefore, the law in such cases wisely acts upon the maxim, Interest reipublicae ut sit finis litium—it is for the public good that there be an end of litigation.' "

The judgment of the trial court should be affirmed; it will be so ordered.

Affirmed.