Alma JOHNSON, Appellant,

v.

Henry E. POTTER et al., Appellees

No. 95.

Court of Civil Appeals of Texas.

Tyler.

Dec. 3, 1964.

W. B. Pope, Dallas, for appellant.

John Whiteside, Richard Owens, Fort Worth, and James E. Coleman, Jr., Carrington, Johnson & Stephens, Dallas, for appellees.

DUNAGAN, Chief Justice.

On May 31, 1961, appellee, Grinnan Mortgage Company, filed a suit, No. 60425–F, in the 116th District Court of Dallas County, Texas, against appellant, Alma Johnson, for debt and foreclosure of lien on real property.

The testimony given on the trial of appellant's petition for bill of review reflects that appellant, Alma Johnson, was personally served with citation in such suit and she retained an attorney who filed an answer for her.

Judgment for debt and foreclosure was rendered for plaintiff November 15, 1961, and an Order of Sale was issued and certain property sold at Sheriff's Sale.

On January 3, 1963, appellant filed this suit in the 116th District Court of Dallas County, against Henry E. Potter, T. M. Austin, and Grinnan Mortgage Company, appellees herein, seeking to set aside the judgment rendered against her in the former suit. This was denied by the trial court and defendant has duly perfected her appeal to this court. As the term in which the former judgment rendered had expired and such judgment had become final, appellant was required to file this direct suit to set aside such judgment. Such is in the nature of an equitable proceeding and to have prevailed, appellant would have had to show, through no fault of her own, she was prevented from presenting her defenses in such original suit through the fraud, accident or acts of the adverse parties therein.

In addition to the Grinnan Mortgage Company appellant joined Henry Potter and T. M. Austin as party defendants in the suit at bar, alleging that Henry Potter fraudulently obtained appellant's signature to the Mechanic's and Materialman's Liens that was later purchased by Grinnan Mortgage Company and foreclosed in the former suit. T. M. Austin was the owner of the property in question at the time appellant brought this action to set aside the former judgment.

Appellant complains that the trial court erred in refusing to set aside the judgment complained of because the appellant has

been deprived of her property without the due course of the law of the land, and that such error violates the rights guaranteed the citizens of this state under Section 19 of Article 1 of the Constitution of the State of Texas, Vernon's Ann.St.

The appellant cites as authority for this contention only that section of the Constitution above quoted. However, there is no better authority than the Constitution if it supports the proposition for which it is cited.

The evidence shows that in the case of Grinnan Mortgage Company, No. 60425–F, v. Alma Johnson, which resulted in the judgment now being sought to be set aside, was set for trial in the 116th District Court of Dallas County for a day and time certain. The attorney who represented the defendant, Alma Johnson, in that case testified that he was notified of such setting by both the attorney representing the plaintiff in such case and the judge of the said 116th District Court in which court the case was pending and heard. Neither the defendant, Alma Johnson, in said case nor her attorney appeared at the time the case was set and called for trial. The court proceeded to hear the case and rendered judgment therein for the plaintiff, Grinnan Mortgage Company.

Said attorney for defendant, Alma Johnson, further testified that he saw the judgment and it was his recollection that he approved same. However, the judgment does not show his approval.

The appellant in this case alleges ground of a meritorious defense, but does not support her allegations with proof thereof.

The Supreme Court of Texas in Crouch v. McGaw, 134 Tex. 633, 138 S.W.2d 94, discussed this type of procedure in detail. In that case the Supreme Court said that a bill of review would not lie to upset a former judgment on a ground that a party therein had sworn falsely. In the case at bar appellant is relying on alleged fraudulent instruments having been used as evidence in the former trial to obtain a judgment against her. As to what type of fraud is necessary to sustain an equitable proceeding to set aside a judgment, the Supreme Court declared:

"Fraud is classified as intrinsic or extrinsic. Included in the term 'intrinsic fraud' are false testimony, fraudulent instruments and any fraudulent matter that was presented and considered in rendering judgment. Intrinsic fraud does not furnish a ground, in an independent suit brought for that purpose, for setting aside a judgment. Fraud must be extrinsic to justify the setting aside of a judgment, and must be collateral to the matter tried, and not something which was actually or potentially in issue in the trial; unless the presentation of such defense was prevented by fraud, accident, or act of the opposing party, without fault or negligence of the party against whom the judgment was rendered."

In the instant case appellant says she has lost title to property without due course of law. But she does not specify in what way the due course of the law was not followed. She was duly and personally served with citation, and attached to it was a petition in which the land on which a lien was asserted was described in detail. The appellant retained her own attorney, who filed an answer for her. Every defense she asserts in the present suit she had an opportunity to present in the former case. Her failure to present her defense, if any, in such suit is not shown in no way to have been caused by an action of her adverse party.

■ In the present case the appellant simply seeks to re-litigate the issues decided adversely to her in the former case. Such is not the purpose of a bill of review. The fact that the court in the former judgment committed an error in the trial of such cause, or that an erroneous judgment was entered, is not grounds for granting a bill of review. In Metropolitan Life Ins. Co. v. Pribble, 130 S.W.2d 332, 338, Tex.

Civ.App., 1939, (writ refused) the court said:

"The following announcement, found in 3d Freeman on Judgments (5th Ed.) para. 1216, p. 2526, is supported by a vast number of authorities, not only in Texas but in other states and in the United States Supreme Court: 'It has already been intimated that neither an erroneous conclusion upon which a judgment was based, nor any irregularity of proceeding not involving the jurisdiction of the tribunal pronouncing it, can have any effect in determining the question whether the judgment should be set aside or restrained in equity. Such, beyond doubt, is the law.'" See Gray v. Moore, 172 S.W.2d 746, 751, Tex.Civ.App., 1943, (writ refused).

■ In regard to appellant's claim that she is entitled to have the judgment in the former suit set aside because of the conduct of her counsel in that case, the Supreme Court of Texas in Kelly v. Wright, 144 Tex. 114, 188 S.W.2d 983, 986, stated:

"These facts leave petitioners with no standing in a court of equity to set aside a former judgment by a bill of review. No rule of law is better settled than the one that a court of equity will not set aside a final judgment in a former action when the failure to have a full and fair presentation of the case therein resulted from the negligence, inadvertence or mistake either of the party seeking relief or his counsel. Brownson v. Reynolds, 77 Tex. 254, 13 S.W. 986; Johnson v. Templeton, 60 Tex. 238; Smith v. Ferrell, Tex.Com. App., 44 S.W.2d 962; Harding v. W. L. Pearson & Co., Tex.Com.App., 48 S.W. 2d 964; Reynolds v. Volunteer State Life Ins. Co., Tex.Civ.App., 80 S.W.2d 1087, writ refused; Brannen v. City of Houston, Tex.Civ.App., 153 S.W.2d 676, writ refused."

In the case of Smith v. Ellis, 319 S.W.2d 745, Tex.Civ.App., Waco 1958, (no writ history) the court in clear language sets forth what must be shown by one seeking to set aside a judgment by a bill of review. The court at page 748 said:

"A judgment cannot be set aside by bill of review unless it be shown that:

"1) There existed a meritorious defense to the cause of action. Barrow, Wade, Guthrie & Co. v. Stroud, Tex. Civ.App., 125 S.W.2d 365, no writ history.

"2) Complainant was prevented from presenting such meritorious defense through extrinsic fraud, accident, or mistake, wholly unmixed with any fault or negligence of his own. Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996.

"3) Complainant was diligent in seeking to set the judgment aside. Osborn v. Younger, Tex.Com.App., 235 S.W. 558.

"4) The matters complained of in the equitable suit to vacate the original judgment could not have been presented to the appellate court by appeal; (Bankston v. Bankston, Tex.Civ.App., 251 S.W.2d 768, 773, Mand.Ref.; Lynn v. Hanna, 116 Tex. 652, 296 S.W. 280; *or by way of application for writ of error;* 25 Tex.Jur. 638, 639; 17 Tex. Jur. p. 28; Avant v. Broun, Tex.Civ. App., 91 S.W.2d 426, W/E Dism'd.; Drake v. First Nat. Bank of Mercedes, Tex.Civ.App., 254 S.W.2d 230 (no writ hist.); Birge v. Conwell, Tex. Civ.App., 105 S.W.2d 407, W/E Ref."

In a more recent case, the Dallas Court of Civil Appeals in American Spiritualist Ass'n v. City of Dallas, 366 S.W.2d 97, Tex.Civ.App., 1963, (no writ history) reviewed the authorities pertaining to bills of review and applied them to a record where there were allegations but no proof— a situation not dissimilar from the one here:

"A Bill of Review, or a petition in the nature of a Bill of Review, is a

proceeding in equity having for its purpose the reversal of a prior judgment of the trial court. 22 Tex.Jur.2d 569, § 28. One of the prime essentials of a proceeding of this nature to have a judgment set aside by Bill of Review is that it must be shown that there existed a meritorious defense to the cause of action; that the complainant was prevented from presenting that defense through extrinsic fraud, accident, or mistake wholly unmixed with any fault or negligence of his own, so that he was compelled to suffer the judgment by circumstances beyond his control; that he has not been guilty of a lack of diligence in failing to avail himself of any means to set the judgment aside, and that no other remedy is available. 22 Tex.Jur.2d 572, § 30. The Supreme Court in the recent case of McEwen v. Harrison [162 Tex. 125], 345 S.W.2d 706, held that in a Bill of Review proceeding the plaintiff must allege and prove that he was not negligent and that he had a meritorious defense as to the suit, the court saying, in part:

" 'In a bill of review proceeding the plaintiff must allege and prove that he was not negligent in suffering the default judgment to be rendered against him and that he has a meritorious defense to the suit. Our decisions require that the two issues be tried together so that the court may render a new final judgment. (Citing cases).'

"The Supreme Court in the now familiar case of Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996 announced the rule, as follows:

" 'Although the bill of review is an equitable proceeding, before a litigant can successfully invoke it to set aside a final judgment he must allege and prove: (1) a meritorious defense to the cause of action alleged to support the judgment, (2) which

he was prevented from making by the fraud, accident or wrongful act of the opposite party, (3) unmixed with any fault or negligence of his own. Garcia et al. v. Ramos et al., Tex. Civ.App., 208 S.W.2d 111, err. ref. Because it is fundamentally important in the administration of justice that some finality be accorded to judgments, these essentials have been uniformly recognized by our courts; therefore, bills of review seeking relief from judgments "are always watched by courts of equity with extreme jealousy, and the grounds on which interference will be allowed are narrow and restricted"; and the rules are not to be relaxed merely because it may appear in some particular case that an injustice has been done.' "

Another reason why the judgment of the trial court should be affirmed is the lack of diligence shown by appellant in seeking to set aside this judgment. She was served with citation in Cause No. 60425–F on June 3, 1961, and promptly retained an attorney to defend her. The judgment she now attacks was taken against her November 15, 1961, but she did not file this present suit until January 4, 1963.

In Puls v. Clark, 199 S.W.2d 811, Tex. Civ.App., 1947, (writ refused, n. r. e.), the petitioner in that case sought a bill of review to set aside a judgment because he thought he was represented by counsel in such case. The judgment dismissing the application was affirmed by the appellate court, that said:

"It is incumbent upon one who seeks, by an independent proceeding, to set aside a judgment by default to show a good excuse for not answering and for not making his defense or for not appearing at the trial. Gehret v. Hetkes, Tex.Com.App., 36 S.W.2d 700; Smith v. Ferrell, Tex.Com.App., 44 S.W.2d 962 and Hicks v. Wallis Lumber Co., Tex. Civ.App., 137 S.W.2d 93. When one

seeks to set aside a default judgment he must show that he had a meritorious defense to the suit, that there was no lack of diligence on his part in permitting the default and that a failure to answer and defend in time wat not the result of his negligence. Paggi v. Rose Mfg. Co., Tex.Civ.App., 285 S.W. 852; Peters v. Hubb Diggs Co., Tex.Civ. App., 35 S.W.2d 449.

"Equity will not vacate a judgment where there is no showing that the failure of the party or his attorney to attend the trial was due to accident or mistake or to fraud practiced by his adversary; nor is a party's mistaken belief that he employed counsel to take care of his case a sufficient ground to vacate a default judgment when there is no showing that such belief was justified. Maytag Southwestern Co. v. Thornton, Tex.Civ.App., 20 S.W.2d 383; Kahl v. Porter, Tex.Civ.App., 296 S.W. 324; Ames Iron Works v. Chinn, 20 Tex.Civ.App. 382, 49 S.W. 665.

"It is not sufficient that a petitioner for equitable relief from a former judgment rendered against him plead and prove that he had a meritorious defense in the first instance. He must also show diligence on his part and he must be reasonably prompt in seeking his remedy. Relief will be denied him in such a case if he has been guilty of negligence in protecting his rights. Thomas v. Mullins, Tex.Civ.App., 175 S.W.2d 276; Williams v. Coleman-Fulton Pasture Co., Tex.Civ.App., 157 S.W.2d 995; Garcia v. Jones, Tex.Civ. App., 155 S.W.2d 671; Brannen v. City of Houston, Tex.Civ.App., 153 S.W.2d 676."

We have carefully examined the entire record in this case and find that although appellant did in her petition allege in general terms that she has good grounds of defense and has not been negligent and has not lacked diligence in the premises, yet no proof whatsoever was introduced in support of these allegations. As said by the Supreme Court of this state, it is not only necessary to allege these essential facts but to introduce evidence in support thereof in order to obtain equitable relief in an application for bill of review. During the trial of this case appellant failed to introduce evidence concerning any possible defense which she might have had to the original cause of action, nor was any evidence introduced to show lack of negligence or diligence on the part of the appellant, or her attorney, in preventing the judgment from being rendered. In the light of these facts, and in view of the well-established principles of law enumerated above, appellant has failed in her direct attack on the judgment and the trial court correctly denied the relief requested.

Judgment affirmed.