**Casey JONES, Appellant,**

v.

**Jewel Inez JONES, Appellee.**

**No. 7474.**

Court of Civil Appeals of Texas.

Amarillo.

May 24, 1965.

Key, Carr & Clark, Lubbock, for appellant.

Chappell & McFall, Lubbock, for appellee.

NORTHCUTT, Justice.

Casey Jones, as plaintiff, filed suit for divorce against his wife, Jewel Inez Jones, defendant below, who subsequently cross-filed against him. The court set the case for non-jury trial for March 19, 1964. Defendant's attorney was informed of such trial setting. Defendant's attorney replied by letter dated March 13, 1964, informing plaintiff's attorney that defendant had decided to drop her divorce case against the plaintiff. The case did not actually come on for hearing until March 21, 1964, at which time the plaintiff and his attorney appeared, but neither the defendant nor her attorney appeared. After the hearing on March 21, 1964, the court on March 26, 1964, entered judgment granting the plaintiff a divorce; the care, custody and control of the minor child of the plaintiff and defendant; and that certain community property which had no equity should be the separate property of the plaintiff.

On April 23, 1964, the defendant filed her motion for new trial and raised the question of lack of notice of setting of March 19, 1964, and asserted meritorious defenses to certain actions of the court. The court by order filed April 24, 1964, set the motion for a new trial for hearing on May 1, 1964. The plaintiff on April 29, 1964, filed his motion to strike the motion for new trial contending since the motion for new trial was not filed within ten days from the date of the judgment and that thirty days had passed since rendition of the judgment of March 26, 1964, without the judgment having been set aside, the judgment was final. On May 7, 1964, the court filed its order granting defendant a new trial and set the hearing for June 22, 1964. Plaintiff duly excepted to the ruling of the court in granting a new trial and gave notice of appeal.

On June 22, 1964, prior to hearing the new trial, plaintiff filed his plea in abatement and motion to stay, reciting that the motion for new trial was not filed within ten days after the rendition of judgment and that the court had not set aside the judgment of March 26, 1964, within thirty days and, therefore, the judgment of March 26, 1964, was a final judgment and the court was without jurisdiction to hear any further proceedings in the case. On June 22, 1964, prior to the hearing of the new trial, the court overruled plaintiff's plea in abatement and motion to stay, to which ruling plaintiff excepted and gave notice of appeal.

At the new trial hearing on June 22, 1964, the plaintiff was granted a divorce from the defendant. The custody and control of the minor child of plaintiff and defendant was granted to the defendant with visitation privileges granted to the plaintiff and a division of community property was made, but final judgment was entered thereon July 10, 1964. Plaintiff and cross-defendant, Casey Jones, duly excepted to the judgment and gave notice of appeal and perfected this appeal.

Appellant presents this appeal upon two assignments of error as follows:

"POINT OF ERROR I. THE DISTRICT COURT ERRED IN GRANTING ON MAY 7, 1964, DEFENDANT'S MOTION FOR NEW TRIAL, FILED ON APRIL 23, 1964, WHICH ACTION SET ASIDE THE JUDGMENT OF DIVORCE ENTERED ON MARCH 26, 1964, BECAUSE THE DISTRICT COURT WAS TOTALLY WITHOUT JURISDICTION OF THE CASE, SINCE THE MOTION FOR NEW TRIAL WAS NOT FILED WITHIN TEN DAYS AFTER THE RENDITION OF THE ORIGINAL JUDGMENT AND THE JUDGMENT WAS NOT SET ASIDE WITHIN THIRTY DAYS AFTER RENDITION, BOTH AS REQUIRED BY RULE 320 and RULE 329b, TEX. RULES CIV. P.

"POINT OF ERROR II. THE DISTRICT COURT ERRED IN ENTRY AND RENDITION OF THE JUDGMENT OF JULY 10, 1964, BECAUSE A PRIOR, UNAPPEALED FINAL JUDGMENT HAD BEEN PREVIOUSLY ENTERED AND RENDERED BY THE COURT ON MARCH 26, 1964, AND HAD NOT BEEN SET ASIDE WITHIN THIRTY DAYS NOR A MOTION FOR NEW TRIAL FILED WITHIN TEN DAYS, BOTH AS REQUIRED BY RULE 320 and 329b, TEX. RULES CIV. P., and THERE-FORE THE COURT NO LONGER HAD JURISDICTION OF THE CASE."

■ The object of a motion for new trial is to point out to the trial court where he had erred so that he may have opportunity to review his decisions and, if need be, correct them. Stillman v. Hirsch, 128 Tex. 359, 99 S.W.2d 270. There is nothing brought forward in this record to show the court committed any error in the original hearing. "A motion for new trial is not a vehicle through which the case may be tried over or tried differently." Crossley v. Crossley, Tex.Civ.App., 306 S.W.2d 388.

It is stated in Kelly v. Wright, 144 Tex. 114, 118 S.W.2d 983, as follows:

"No rule of law is better settled than the one that a court of equity will not set aside a final judgment in a former action when the failure to have a full and fair presentation of the case therein resulted from the negligence, inadvertence or mistake either of the party seeking the relief or his counsel. Brownson v. Reynolds, 77 Tex. 254, 13 S.W. 986; Johnson v. Templeton, 60 Tex. 238; Smith v. Ferrell, Tex.Com. App., 44 S.W.2d 962; Harding v. W. L. Pearson & Co., Tex.Com.App., 48 S.W.2d 964; Reynolds v. Volunteer State Life Ins. Co., Tex.Civ.App., 80 S.W.2d 1087, writ refused; Brannen v. City of Houston, Tex.Civ.App., 153 S.W.2d 676, writ refused."

Rule 320, T.R.C.P., concerning motions for new trial, provides as follows:

"New trials may be granted and judgment set aside on motion for good cause, on such terms as the court shall direct. Each such motion shall be in writing and signed by the party or his attorney and shall specify each ground on which it is founded, and no ground not specified shall be considered."

Rule 329-b, Section 1, provides: "A motion for new trial when required shall be

filed within ten (10) days after the judgment or other order complained of is rendered." Section 5 of Rule 329-b is as follows:

"Judgments shall become final after the expiration of thirty (30) days after the date of rendition of judgment or order overruling an original or amended motion for new trial. After the expiration of thirty (30) days from the date the judgment is rendered or motion for new trial overruled, the judgment cannot be set aside except by bill of review for sufficient cause, filed within the time allowed by law. The failure of a party to file a motion for new trial within the ten (10) day period prescribed in subdivision (1) of this rule shall not deprive the court of jurisdiction to set aside a judgment rendered by it, provided such action be taken within thirty (30) days after the judgment is rendered. The filing of a motion for new trial after ten (10) days have expired and before thirty (30) days have expired since the rendition of the judgment shall not operate to extend the court's jurisdiction over the judgment for a period of more than thirty days from the date of the rendition of judgment."

▮ In the original hearing the court on March 26, 1964, granted the plaintiff (appellant here) a divorce from the defendant (appellee here). On April 23, 1964, the defendant (appellee here) filed her motion for new trial which was after ten days had expired and before thirty days had expired after the rendition of the judgment. Consequently, the original judgment became final thirty days after its rendition, since the court did not act on appellee's motion for new trial until after thirty days had expired from the date the original judgment had been rendered. We sustain appellant's two points of error.

▮ It is appellee's contention the court did not err because the court considered her motion as a bill of review. We cannot agree with that contention. There is nothing in this record to show the court treated her motion for new trial as a bill of review. The record shows it was a new trial and was so treated; but should we be wrong in that assumption, we do not believe the appellee by her pleadings properly brought the matter as a bill of review. There is nothing in the record to even indicate that appellant did anything to prevent appellee from appearing and presenting any defense she might have had in the original hearing. Appellee through her attorney was notified of the setting of the original case. The court was informed through appellee's attorney that she did not care to proceed in the case. It is stated in Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996, as follows:

"Although the bill of review is an equitable proceeding, before a litigant can successfully invoke it to set aside a final judgment he must allege and prove: (1) a meritorious defense to the cause of action alleged to support the judgment, (2) which he was prevented from making by the fraud, accident or wrongful act of the opposite party, (3) unmixed with any fault or negligence of his own. Garcia et al. v. Ramos et al., Tex.Civ.App., 208 S.W. 2d 111, er. ref. Because it is fundamentally important in the administration of justice that some finality be accorded to judgments, these essentials have been uniformly recognized by our courts; therefore, bills of review seeking relief from judgments 'are always watched by courts of equity with extreme jealousy, and the grounds on which interference will be allowed are narrow and restricted'; and the rules are not to be relaxed merely because it may appear in some particular case that an injustice has been done. Harding v. W. L. Pearson & Co. et al., Tex. Com.App., 48 S.W.2d 964. As said by the Supreme Court of California, 'Endless litigation, in which nothing was

ever finally determined, would be worse than occasional miscarriages of justice.' Pico v. Cohn et al., 91 Cal. 129, 25 P. 970, 971, 27 P. 537, 13 L.R.A. 336, 25 Am.St.Rep. 159."

See also Johnson v. Potter, Tex.Civ.App., 384 S.W.2d 747.

Since the order of the trial court granting a new trial was more than thirty days after the original divorce was rendered, the original judgment became final and such order was void and all actions taken by the court thirty days after March 26, 1964, (being the date the original judgment was rendered) are void. Judgment of the trial court is reversed and judgment here rendered declaring the order granting a new trial and the granting of the divorce on July 10, 1964, are void and of no force and effect.