Gene E. SWEARINGEN, Appellant,

v.

Delcie E. SWEARINGEN, Appellee.

No. 15097.

Court of Civil Appeals of Texas,
San Antonio.

Nov. 1, 1972.

Rehearing Denied Dec. 13, 1972.

 

Adams & Hunter, Royal D. Adams, San Antonio, for appellant.

Tinsman & Houser, Inc., Margaret Maisel, San Antonio, for appellee.

KLINGEMAN, Justice.

This case presents some interesting questions involving a bill of review. Appellant, Gene E. Swearingen, a sergeant in the Air Force, filed a suit for divorce against appellee, Delcie E. Swearingen, on April 16, 1971, in Bexar County, Texas. Appellee was duly served with personal citation in Foard County, Texas. No answer was filed in her behalf, and on June 18, 1971, a judgment was entered in said cause granting a divorce; which decree recites that appellee, although duly cited by personal service, failed to appear and wholly made default. In the decree, the custody of two minor children of such marriage, ages 17 and 13 years, was awarded to appellee; appellant was ordered to pay child support payments of $75 per month per child until each reached the age of 18 years; and the community property was partitioned and divided between appellant and appellee. Neither appellant nor his attorney furnished the district clerk with a certificate showing the last known mailing address of appellee, as provided in Rule 239a, Texas Rules of Civil Procedure (1967).[1]

On July 29, 1971, appellee filed a suit for bill of review seeking to set aside the judgment of June 18, 1971, or in the alternative, to set aside that portion of the judgment pertaining to child support and property division. As grounds for such bill of review, she asserts that immediately after she was served with citation, she took such divorce papers to an attorney in the vicinity where she lived; that she paid such attorney $10, and he agreed to represent her; that she called him twice before the 60-day period for the divorce was up, and was told that she had nothing to worry about; that a family friend also called on such attorney about ten days prior to the end of such 60-day period, and was assured that the matter had been taken care of; that more than 30 days after the date the divorce was granted, she received a copy of the divorce decree from her husband; and that she then went to her attorney, who told her that he had forgotten to file an answer. She further asserts that the property division was inequitable, and that the child support payments were inadequate; that she had a meritorious cause of action; and that she had been guilty of no negligence of her own. She does not allege that she had been prevented from asserting such defense by reason of fraud, accident, or wrongful act of the opposite party. Appellant filed an answer to such

---

1. "At or immediately prior to the time an interlocutory or final default judgment is rendered, the party taking the same or his attorney shall certify to the clerk in writing the last known mailing address of the party against whom the judgment is taken, which certificate shall be filed among the papers in the cause. Immediately upon the signing of the judgment, the clerk shall mail a post card notice thereof to the party against whom the judgment was rendered at the address shown in the certificate, and note the fact of such mailing on the docket. The notice shall state the number and style of the case, the court in which the case is pending, the names of the parties in whose favor and against whom the judgment was rendered, and the date of the signing of the judgment. Failure to comply with the provisions of this rule shall not affect the finality of the judgment."

bill of review and a motion for summary judgment.

On January 17, 1972, the trial court overruled appellant's motion for summary judgment, and granted appellee's bill of review. Thereafter a separate judgment was entered granting a divorce between appellant and appellee. This decree is substantially similar to the first decree, except the child support payments are increased in some respects, and appellee is also awarded $75 per month from the military retirement of appellant, payable if and when appellant retires from the military service and receives retirement benefits.

By three points of error appellant asserts that the trial court erred: (1) in denying appellant's motion for summary judgment; (2) in granting the bill of review; and (3) in awarding appellee any portion of the military retirement benefits because the evidence clearly shows that such military retirement benefits, if any, are the sole property of appellant.

The rules applicable to a bill of review were thoroughly discussed by the Supreme Court in Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996, 998 (1950), wherein the Court said:

"Although the bill of review is an equitable proceeding, before a litigant can successfully invoke it to set aside a final judgment he must allege and prove: (1) a meritorious defense to the cause of action alleged to support the judgment, (2) which he was prevented from making by the fraud, accident or wrongful act of the opposite party, (3) unmixed with any fault or negligence of his own. Garcia et al. v. Ramos et al., Tex.Civ.App., 208 S.W.2d 111, er. ref. Because it is fundamentally important in the administration of justice that some finality be accorded to judgments, these essentials have been uniformly recognized by our courts; therefore, bills of review seeking relief from judgments 'are always watched by courts of equity with extreme jealousy, and the grounds on which interference will be allowed are narrow and restricted'; and the rules are not to be relaxed merely because it may appear in some particular case that an injustice has been done."

We consider first appellee's contention made in her bill of review that appellee's failure to answer in a divorce suit was not due to her fault or negligence, but was solely due to the fault or negligence of her attorney. This contention has been before the courts of our state on numerous occasions. This Court of Civil Appeals in Collins v. National Bank of Commerce of San Antonio, Tex.Civ.App., 154 S.W.2d 296, 297 (1941, writ ref'd), said:

"The public policy of the State which demands finality of judgments precludes the vacating of a final judgment . . . upon the ground that the attorney for one of the parties forgot about the case.

"In Brownson v. Reynolds, 77 Tex. 254, 13 S.W. 986, 987, Judge Gaines, speaking for the Supreme Court, said: 'It is a rigid rule that courts of equity will not grant a party to a judgment a new trial when the failure to have a full and fair presentment of his case has resulted from the negligence or mistakes of his counsel. Public policy demands that, in the absence of fraud on the part of his counsel, the party should be as fully concluded by the act of his attorney as if he were acting for himself.' "

In Wilmeth v. Wilmeth, 311 S.W.2d 292, 294 (Tex.Civ.App.—Fort Worth 1958, writ dism'd), the Court said: "No rule of law is better settled than the one that a court of equity will not set aside a final judgment in a former action when the failure to have a full and fair presentation of the case therein resulted from the negligence, inadvertence or mistake either of the party seeking the relief or his counsel. Brownson v. Reynolds, 77 Tex. 254, 13 S.W. 986; Smith v. Ferrell, Tex.Com.App., 44 S.W.2d

962; Brannen v. City of Houston, Tex. Civ.App., 153 S.W.2d 676; Kelly v. Wright, 144 Tex. 114, 188 S.W.2d 983."

The general rule is that the relationship of an attorney and client is one of agency. Under this rule the omissions, as well as the commissions, of an attorney are to be regarded as the acts of the client whom he represents, and his neglect is equivalent to the neglect of the client himself. Gracey v. West, 422 S.W.2d 913 (Tex.1968); Dow Chemical Co. v. F. Fox Benton, 163 Tex. 477, 357 S.W.2d 565 (1962); Texas Employers Insurance Ass'n v. Wermske, 162 Tex. 540, 349 S.W.2d 90 (Tex.1961); Smith v. Brown & Root, Inc., 430 S.W.2d 549 [Tex.Civ.App.—Houston (14th Dist.) 1968, no writ].

Under the authorities above cited, appellee cannot rely on the fault or negligence of her attorney as a basis for granting the bill of review.

In any event, appellee urges that the bill of review was properly granted because her failure to timely file a motion for new trial was due to the failure of appellant or his attorney to furnish the district clerk with appellee's address as is required in Rule 239a, supra. In this connection she relies on Hanks v. Rosser, 378 S.W.2d 31 (Tex.1964), wherein the Supreme Court stated that in cases of this type the defendant has two rights or remedies: (1) to file an answer to prevent a default judgment; and (2) to file a motion for new trial within ten days after the judgment is taken. The Court then held that in a proper case, if a litigant is misled or prevented from filing a motion for new trial by misinformation given by an officer of the court, acting within his official duties; and this misinformation is given to the party or his counsel within the ten-day period for filing the motion for new trial, so as to bring about the failure to file a motion for new trial in time, the trial court, upon finding that the party has a meritorious defense, and that no injury will result to the opposite party, may grant a bill of review.[2]

The Supreme Court had occasion to discuss to what extent Hanks v. Rosser, supra, modified *Hagedorn* in the case of Gracey v. West, supra, wherein the Court said:

"This Court in the case of Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996 (1950), discussed the rules of law applicable to bills of review and set out three conditions that must be alleged and proven in cases similar to the one at bar by the losing party before she can successfully invoke a bill of review to set aside a final judgment against him. These three requisites are: (1) a meritorious cause of action must be alleged to support the motion to reinstate the case, (2) which he was prevented from making by the fraud, accident, or wrongful act of the opposite party, (3) unmixed with any fault or negligence of his own. These rules have been recognized as stating a correct rule of law by many cases since the discussion in the Hagedorn case. Hanks v. Rosser, Tex.Sup., 378 S.W.2d 31, 34 (1964). The Rosser case modified the rule to the extent that where an officer of the court gives wrong information which prevents the filing of a motion for new trial by the losing party, the movant in a bill of review is excused from complying with re-

2. Appellee also relies in this connection on the case of Kelly Moore Paint Co. v. Northeast National Bank, 426 S.W.2d 591 (Tex.Civ.App.—Fort Worth 1968, no writ), in which the appellate court upheld the granting of a bill of review by the trial court in which the clerk of the court did not send out a notice of a default judgment pursuant to Rule 239a, supra, although the clerk was supplied with the required information by the winning party. The court, however, expressly stated that the judgment was affirmed because of the trial court's finding that the bank was never served with citation, which finding was supported by the evidence in the opinion of the Court of Civil Appeals.

quirement (2) above. Otherwise, the rule of Hagedorn was approved." 422 S.W.2d at 915–916.

The case at bar does not involve wrong information given by an officer of the court. If we assume that the exception set forth in *Rosser* is applicable to this case, it was still necessary for appellee to allege and prove a meritorious defense to the cause of action alleged to support the judgment, and that her failure to make such defense was unmixed with any fault or negligence of her own. In our opinion, appellee failed to meet this burden. It is to be remembered that appellee's bill of review in the trial court was predicated upon the grounds that the reason a default judgment was obtained against appellee was due to the fault and negligence of appellee's attorney, and not because of her fault or negligence. There is no allegation in the petition for bill of review pertaining to the failure of appellant or his attorney to furnish appellee's address to the district clerk as provided for in Rule 239a, supra, or any allegation pertaining to her failure to timely file a motion for new trial; nor did appellee allege she was prevented from doing anything because of fraud, accident or wrongful act of the opposite party.

■ Appellee did not allege or prove that her failure to file a motion for new trial was unmixed with any fault or negligence of her own. Appellant, in his affidavit in support of his motion for summary judgment, stated under oath that on June 23, 1971, he called his wife and advised her that the divorce had been granted, and further advised her as to what the court had ordered. This was only five days after the judgment for divorce was rendered. He also testified substantially to this effect. Appellee filed no controverting affidavit to this affidavit, nor did she deny that appellant so notified her.

Appellee did not allege or prove facts to establish that her failure to present her defense was unmixed with any fault or negligence of her own. See Parker v. Holland, 444 S.W.2d 581 (Tex.1969); Farias v. Besteiro, 453 S.W.2d 314 (Tex.Civ.App.—Corpus Christi 1970, writ ref'd n. r. e.).

■■ There is another reason why the bill of review should not have been granted. It appears from the record that appellee has sold some of the property awarded her in the judgment that she seeks to set aside, including real estate located near Crowell, Texas, and farm equipment; and she has retained the proceeds thereof. Thus, she has voluntarily accepted benefits under the divorce judgment. As a general rule, with some narrow exceptions, a litigant cannot treat a judgment as both right and wrong; and if he voluntarily accepts benefits of a judgment, he cannot thereafter prosecute an appeal therefrom. This is a general rule which appears to be universally recognized. Carle v. Carle, 149 Tex. 469, 234 S.W.2d 1002 (1951); Matlow v. Cox, 25 Tex. 578 (1860); Smith v. Manger, 449 S.W.2d 347 (Tex.Civ.App.—San Antonio 1970, no writ); City of Mesquite v. Rawlins, 399 S.W.2d 162 (Tex.Civ.App.—Tyler 1966, writ ref'd n. r. e.); Clark v. Clark, 362 S.W.2d 655, 656 (Tex.Civ.App.—Houston 1962, no writ); Nixon v. Nixon, 348 S.W.2d 438 (Tex.Civ.App.—Houston 1961, writ dism'd); Graham v. Caballero, 243 S.W.2d 286 (Tex.Civ.App.—El Paso 1951, writ ref'd n. r. e.).

The trial court erroneously granted such bill of review, and such judgment is here reversed and judgment rendered setting aside such bill of review.

CADENA, Justice.

I concur in the result.