James D. WILMETH, Appellant,

v.

Eleanor WILMETH, Appellee.

No. 15882.

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 28, 1958.

Rehearing Denied March 28, 1958.

Stewart W. Hellman and H. C. Ray, Fort Worth, for appellant.

Thompson, Walker, Smith & Shannon and Wyndall R. Johnson, Fort Worth, for appellee.

RENFRO, Justice.

On March 19, 1953, plaintiff J. D. Wilmeth filed suit for divorce against his wife Eleanor in a district court of Tarrant County. The petition alleged that the parties

had entered into a property settlement agreement, and that the agreement, being fair and equitable, should be approved.

The divorce was granted on May 18, 1953. The property settlement agreement, found to be fair and equitable, was in all things approved and made a part of the judgment.

Neither party moved for new trial or appealed.

The plaintiff, on August 19, 1953, filed a bill of review in which he alleged that a portion of the agreement, incorporated in the judgment, providing for certain monthy payments to the wife, was not in reality a settlement agreement but was in fact in the nature of alimony, and thus in circumvention of the law of Texas.

After defendant answered the bill of review, both parties moved for summary judgment. Plaintiff's motion was denied. Defendant's motion was granted; hence this appeal by plaintiff.

Plaintiff's motion for summary judgent alleged that that part of the judgment directing him to pay certain monthly payments to his divorced wife was wholly void; that the court was without jurisdiction to enter said order in the first place.

Plaintiff filed the divorce suit. In his petition he told the court the property settlement was fair and equitable, and prayed the court to approve the settlement. Plaintiff appeared in person at the divorce trial, according to the judgment, and presumably testified to the agreement and requested its approval. The judgment entered by the court gave plaintiff exactly what he asked for, no more and no less. The judgment entered was approved by his counsel. As heretofore stated, he did not move for a new trial or appeal.

■ The purpose of a hearing in equity in the nature of a bill of review is to determine whether or not a formal final judgment rendered by the same court should be reversed or vacated or set aside when applicant has exhausted all his remedies and has no further adequate remedy at law in the matter and has been diligent and not negligent in protecting his interest in connection with the issues involved. Gray v. Moore, Tex.Civ.App., 172 S.W.2d 746. Ordinarily relief will not be granted unless the party seeking it can show clearly to the satisfaction of the court that he has a good defense to the action, which he was prevented from making by fraud, accident or the acts of the opposite party wholly unmixed with any fault or negligence on his part.

Plaintiff contends, however, that the judgment shows on its face that the future payments are in the nature of alimony, and thus the judgment is void; that under such facts, the bill of review properly lies.

■ The separation agreement covers seven pages of the transcript. It is indefinite in some respects, but mere indefiniteness does not render a judgment void. Beam v. Southwestern Bell Tel. Co., Tex. Civ.App., 164 S.W.2d 412.

The agreement provided that the wife should support and maintain herself and care for, educate, etc., the minor son of the parties, consistent with the payments made by plaintiff. After providing for $300 a month payments to defendant until the son reached 22 or died, then the payments were to be decreased to $200 per month, subject to termination at remarriage of defendant.

If the agreement stopped there, we would be constrained to follow. McBride v. McBride, Tex.Civ.App., 256 S.W.2d 250, and hold the payments to be alimony and unenforceable. The agreement continued, however, that defendant accepted the "provisions" in full settlement and satisfaction of all claims and rights against plaintiff for her support (the agreement was entered into in anticipation of divorce) and for the support, maintenance and education of James Dudley Wilmeth, Jr. (the minor son) and in

satisfaction of all other claims and rights whatever which she then had, ever had, or might thereafter have against plaintiff, and fully released him and his estate of any and all claims, liabilities and obligations whatsoever. The agreement further provided that in the event plaintiff became liable for any liabilities of defendant, such amounts should be subtracted from the payments to be made.

A careful study of the long settlement agreement leads to the conclusion that the future payments are to be made as a part of the property settlement between the parties, or partly for child support and partly in property settlement. If reasonably susceptible of such construction, then the judgment was not void on its face and the ordinary rules concerning bills of review are applicable.

 No rule of law is better settled than the one that a court of equity will not set aside a final judgment in a former action when the failure to have a full and fair presentation of the case therein resulted from the negligence, inadvertence or mistake either of the party seeking the relief or his counsel. Brownson v. Reynolds, 77 Tex. 254, 13 S.W. 986; Smith v. Ferrell, Tex.Com.App., 44 S.W.2d 962; Brannen v. City of Houston, Tex.Civ.App., 153 S.W.2d 676; Kelly v. Wright, 144 Tex. 114, 188 S.W.2d 983.

 Plaintiff's bill of review and his motion for summary judgment fail to allege or show that through fraud, accident or mistake he was prevented from urging the matter he now urges, to wit: that the deferred payments were really in the nature of alimony instead of child support and/or property settlement. He should not now be allowed to say that the judgment, which he asked the court to enter, is void as a matter of law.

The petition in the bill of review does not in any manner charge defendant with any acts which induced plaintiff to agree

to the settlement and secure the subsequent approval thereof by the court.

 One seeking to set aside a judgment by bill of review must not be guilty of fraud or negligence which resulted in the rendition of the judgment attacked. Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996; Smith v. Ferrell, supra.

Plaintiff's own acts, as shown by his divorce petition and bill of review, resulted in the rendition of the judgment of which he now complains. Since he is not without fault, and since the judgment is not void on its face, the court did not err in rendering judgment for defendant on the bill of review.

All points of error have been considered and are overruled.

Judgment affirmed.