**Martln E. RYAN, Appellant,**

v.

**Bettye Ryan LEMAY, Appellee.**

**No. 7660.**

Court of Civil Appeals of Texas.

Texarkana.

May 4, 1965.

Robert B. Hershey, Dallas, for appellant.

Robert M. Ewing, Witts & Ewing, Dallas, for appellee.

DAVIS, Justice.

Appellee-defendant, Bettye Ryan Lemay, on August 16, 1960, filed suit for divorce in the Domestic Relations Court No. 1 of Dallas County, Texas, against appellant-plaintiff, Martin E. Ryan. A property settlement agreement was executed between the parties and was filed in the divorce suit. Appellant signed a waiver before J. Harvey Lewis, attorney for appellee. Appellant signed deeds of conveyance to certain real estate situated in Dallas County, Texas, on August 25, 1960, and a Deed of Trust Note. Appellant received his one-half interest out of the community property. On October 17, 1960, the divorce was granted and the appellant received a certified copy of the divorce judgment through the mail. On October 21, 1960, appellant conveyed an undivided one-half interest in and to certain real estate to the appellee in consideration of the cancellation of the Deed of Trust Note. On January 5, 1964, appellant filed suit in the Court of Domestic Relations No. 1 in Dallas County, wherein he sought to set aside the judgment of divorce and the deeds to the real estate on the ground that

the divorce judgment was void because appellant signed and acknowledged a waiver of citation in the divorce proceedings before J. Harvey Lewis, attorney for appellee, in violation of Rule 119, Texas Rules of Civil Procedure.

Appellee filed a motion to dismiss the case on two specific grounds: That the appellant did not perfect his appeal within 30 days after the rendition of the judgment of divorce; and, appellant did not perfect his appeal to the Court of Civil Appeals by way of Writ of Error within six months.

Before the motion to dismiss the appeal was heard, appellee took the deposition of the appellant. In the deposition, appellant testified as follows:

"Q. Ever since the divorce was granted?

A. Yes, sir.

Q. Are you asking that this divorce be set aside?

A. No, I'm asking that the settlement be adjusted or some of the papers be—uh—substantially

* * *

Q. As far as you're concerned, your're divorced?

A. I'm divorced.

Q. You're just looking into the property aspects, is that right?

A. That's right.

Q. There's no question in your mind about being divorced, is there?

A. No, sir.

Q. You read this property settlement agreement, didn't you?

A. The original property settlement —yes, sir."

The trial court granted the motion to dismiss the case and the appellant has perfected his appeal. He brings forward one point of error.

By his point, appellant says the trial court erred in dismissing the case because the judgment in the divorce case is void, because the waiver of citation was acknowledged before an attorney in the case, contrary to Rule 119 of the T.R.C.P.

Appellant did not attach the waiver of service of citation to his pleadings, nor the divorce judgment which he sought to set aside. Neither did appellant list the deeds, or copy them in his pleadings.

██ There are none of the divorce proceedings before this court. This court must presume that the judgment of divorce is valid on its face. It appears that the appellant signed a community property settlement agreement with the appellee in the divorce proceedings that was actually filed among the papers. Appellant accepted his part of the community property as a result of the divorce judgment. It is also shown by the deposition that he signed a waiver of citation before the then attorney for the appellee. If the waiver of service of citation was executed in violation of Rule 119, T.R.C.P., the appellant should have called this fact to the attention of the trial court. This he could have done by filing a special exception, or a plea in abatement prior to the granting of the divorce. He could have perfected his appeal within 30 days, or, by Writ of Error within six months after the divorce was granted. This, appellant did not do. Appellant having submitted himself to the jurisdiction of the court, should have exhausted all adequate remedies at law to set the judgment aside. Wilmeth v. Wilmeth, Ct.Civ.App., 311 S.W.2d 292, wr. dism'd; 64 T.J.2d 491, Jurisdiction. Appellant entered his appearance in court by signing the waiver. 6 T.J.2d 19, Sec. 16; Radford v. Radford, Ct.Civ.App., 42 S.W.2d 1060, N.W.H.; 34 T.J.2d 369, Sec. 355. There is no showing of a meritorious defense to the judgment. 33 T.J.2d 714, Sec. 179; 34 T.J.2d 92, Sec. 226. Since the appellant actually entered his appearance in

court, (64 T.J.2d 61, Appearance), we must presume that the judgment disposed of all the issues involved. 64 T.J.2d 487, Judgments. The point of error is overruled.

The judgment of the trial court is affirmed.