Ernest L. ANDREWS, Appellant,

v.

Irene ANDREWS, Appellee.

No. 17019.

Court of Civil Appeals of Texas.

Fort Worth.

April 25, 1969.

Rehearing Denied June 6, 1969.

Short & Helton, and R. M. Helton, Wichita Falls, for appellant.

Schenk & Wesbrooks and Perry Wesbrooks, Wichita Falls, for appellee.

## OPINION

RENFRO, Justice.

Ernest Andrews appealed from a judgment rendered in a District Court of Wichita County in favor of Irene Andrews for past due payments accruing under a property settlement agreement entered into by the parties at the time of their divorce.

We are confronted with a 185 page transcript containing a bewildering mass of pleadings, motions, affidavits, judgments, etc. and etc., of record in three different lawsuits, plus two hundred pages of deposition testimony and countless exhibits.

We will try to bring order out of chaotic confusion by describing briefly, in chrono-

logical sequence, the events leading to the summary judgment.

On May 18, 1964, Ernest Andrews filed suit 74683–C in the 89th District Court of Wichita County asking for a divorce from Irene Andrews.

Since the parties are both plaintiffs and defendants in various suits filed we will, to avoid confusion, call them by their given names.

On November 30, 1964, Ernest appeared in court, presented a written property settlement agreement, executed and acknowledged by both husband and wife, to the Court and asked the Court to approve the property settlement agreement. The Court did approve the settlement agreement and incorporated the agreement in toto into the judgment.

The written agreement, six pages long, included, pertinent to this appeal, the following provisions, "WHEREAS, * * * the Second Party (husband) desires to make certain monthly payments to the First Party (wife) (during the life time of the parties) in lieu of a complete accounting and settlement of all of their community property, rights, and interests;

"NOW, THEREFORE, THE PARTIES HERETO AGREE AS FOLLOWS:

"I

"In settlement, adjustment, and compromise of a portion of the community property rights and interests of the parties, the Second Party does hereby covenant, contract, and agree that simultaneously with the granting of a divorce to the Second Party in the above named suit, Second Party will pay to First Party the sum of One Hundred Dollars ($100.00) in cash, and will make a like payment in the amount of One Hundred Dollars ($100.00) to the First Party each thirty (30) days thereafter, on or before the 5th day of each month by depositing said amount to the credit of First Party's account in the Parker's Square State Bank, Wichita Falls, Texas, subject only to the conditions hereinafter set out in this agreement. Such monthly payments to be made by the Second Party to the First Party are in lieu of payments for First Party's one-half (½) interest in a portion of the community property, the community business, and business goodwill established through the years during the marriage of the parties, and the same shall never be construed as being any form of permanent alimony. It is expressly stipulated by both of the parties to this agreement that such monthly payments shall be construed as in the case of Wilson v. Woolf, Tex.Civ.App., 274 S.W.2d 154, and shall not at any time or for any purpose will be construed as the payment of permanent alimony following the divorce of the parties.

"The Second Party further covenants and agrees that this contract shall be a continuing contract, and that should he fail to make any of such monthly payments, the First Party shall be entitled to sue upon her election for any arrears in such monthly payments; and in the event the First Party elects to sue for any past due and unpaid monthly installments, such suit shall not invalidate the purpose of this contract and the Second Party's obligation to continue to make such monthly installment payments as herein agreed upon.

"II

"It is further agreed by the parties, however, that in the event the First Party should remarry, said payments of One Hundred Dollars ($100.00) per month to the First Party, as above stipulated, shall cease and this contract, in so far as the payment of such sum of One Hundred Dollars ($100.00) each month is concerned, shall be null and void."

Payments were made by Andrews for one year. Not a payment has been made since late 1965.

On January 20, 1966, Irene filed suit against Ernest in the Justice Court for past

due installments. Judgment was rendered February 24, 1966, for Irene for $190.00 for the installments due. The Justice "attempted" at a later date to set aside said judgment, and on March 31 entered another purported judgment for Irene. Ernest appealed the March 31 judgment to the District Court (Art. 1970—166b, Vernon's Ann.Civ.St.).

Irene, on March 1, 1967, filed suit No. 81,006–B against Ernest for judgment for past due installments which at that time amounted to $1,500.00.

March 30, 1966, Ernest filed "Application to Modify Decree" under the docket number of the original divorce suit. In the pleading he alleged the $100.00 payments were in the nature of permanent alimony and void and prayed the court to eliminate his obligation to pay the monthly installments.

April 21, 1967, the appeal from Justice Court, Ernest's petition to modify the community property settlement agreement and Irene's suit for past due installments were consolidated and thereafter treated as one case.

Included in the voluminous pleadings, answers, etc., is a plea by Ernest that he executed the settlement agreement under duress, that is, he had to sign it in order to get Irene to agree not to contest the divorce action. Such contention was not brought forward in this appeal.

In the latter part of May, 1968, Irene filed a motion for summary judgment. It was her contention she was, as a matter of law, based on pleadings, depositions, admissions and affidavits, and other matters on file, entitled to judgment. Irene's affidavit in support of the summary judgment motion contained a detailed account of the unpaid installments, and swore that she had not remarried since Ernest divorced her.

In his affidavit, in reply to Irene's motion for summary judgment, Ernest swore (1) the agreement was without considera-

tion. That is, his agreement to pay Irene Andrews the sum of $100.00 per month for the rest of her life or until she remarried was without consideration. This defense is not before us in this appeal. Except for an attack on the validity of the Justice Court judgment of February 24, 1966, he offered no other defense to Irene's motion in his affidavit.

The court, having considered the vast mountain of record documents, exhibits, affidavits, depositions, pleadings and admissions amassed in the three consolidated cases, found an absence of any genuine issue of any material fact in that (1) the contract of November 30, 1964, was a valid, binding, continuing, and legal contract, (2) Irene Andrews has not remarried, (3) the February 24, 1966, Justice Court judgment is valid and final, (4) Ernest Andrews is indebted to Irene Andrews for $2,900.00 past due installments. Total indebtedness, through June 5, 1968, with interest, amounted to $3,124.75. Judgment was entered for Irene Andrews for that amount.

The facts are undisputed. The only question is whether the law was properly applied. It was.

Andrews' deposition testimony, reduced to his actual "defense" to Irene's suit, or his cause of action for elimination of his written obligation is: He quit making the payments because, "Frankly I didn't have the money", he thinks it is alimony and invalid, and that the consideration has failed; he asked the Judge to approve the contract, because, "in the first place I entered into that agreement to get this divorce over with", now he wants "to take it back". He admitted Irene has fully performed her part of the contract.

 He, of course, was wrong in saying future payments to be made after the divorce, as part of the settlement of community property rights, amounts to alimony. Wilson v. Woolf, 274 S.W.2d 154 (Tex. Civ.App., 1954, ref., n. r. e.); Wilmeth v. Wilmeth, 311 S.W.2d 292 (Tex.Civ.App., 1958, dism.).

■ One seeking to set aside a judgment by bill of review (which in reality Andrews tried to do) must not be guilty of fraud or negligence which resulted in the rendition of the judgment. Smith v. Ferrell, 44 S.W.2d 962 (Tex.Com.App., 1932); Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996 (1950); Wilmeth v. Wilmeth, supra.

■ If Andrews did perpetuate a fraud on the court by concealing from the court the fact that he signed the settlement agreement just to get the divorce, and with no intention of living up to it, he is not entitled to the relief he sought.

All of Andrews' points of error and his brief are directed at the action of the court in declaring the February 24, 1966, Justice Court judgment valid, and declaring the March 31, 1966, judgment a nullity. He did not appeal from the February 24th judgment. He did attempt to appeal from the March 31st purported Justice Court judgment.

■ The trial court found, as a matter of law, that the February 24th Justice Court judgment was valid and final—that as a matter of law the Justice Court had no authority to set aside said judgment after it became final and then render a different judgment. It was from the latter judgment Andrews appealed. We agree with the trial court that the March 31st judgment was a nullity. Finlay v. Jones, 435 S.W.2d 136 (Tex.Sup., 1968).

■ The judgment of February 24, 1966, was res adjudicata of nothing except as to the recovery rendered in that particular case. Art. 2226a, V.A.C.S. Under a contract of the character of the one here involved a judgment awarding a recovery of one installment will not bar subsequent suits for subsequent defaults in payment. 34 Tex.Jur.2d p. 596, § 519. Moreover, Ernest's own contract with Irene provides that suit for any past due installment shall not invalidate his obligation to continue making monthly payments.

In reality Andrews had not briefed one single point of error which attacks the judgment for $3,124.25 entered for past due installments and interest. His sole attack, by 15 points of error, is directed to the February 24, 1966, judgment. The amount of that judgment, $190.00, from which Andrews did not appeal, was specifically excluded from the District Court judgment. Had he obtained judgment in the Justice Court such judgment would have been res adjudicata only as to the amount involved in that particular suit, hence, even if we agreed with him that the February 24, 1966, judgment was void we would nevertheless affirm the current judgment for the full amount rendered by the court.

The judgment is affirmed.

Affirmed.